Morris W. RALEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 46123.

Court of Criminal Appeals of Texas.

March 16, 1977.

**34**

John T. Montford, on appeal only, Lubbock, for appellant.

Steve W. Simmons, Dist. Atty., and David R. Rosado, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This is an appeal from a conviction for embezzlement under Article 1534, Vernon's Ann.P.C. Appellant was tried before a jury and assessed punishment of two years in the Texas Department of Corrections. Imposition of sentence was suspended and appellant was placed on probation.

Appellant was indicted in 1971 for this offense and was initially tried in 1971, such trial ending in a mistrial. On retrial in 1972, appellant was convicted and in a per curiam opinion delivered April 18, 1973 the conviction was affirmed by this Court because no brief had been filed in accordance with Article 40.09(9), Vernon's Ann.C.C.P. Appellant was later granted an out-of-time appeal because his retained counsel had failed to prosecute his appeal after making representations to appellant that he was doing so. *Ex Parte Raley*, 528 S.W.2d 257 (Tex.Cr.App.1975).

Appellant now raises twenty-nine grounds of error. We have reviewed all of the grounds of error and have determined that the judgment must be reversed for error in the admission into evidence in this trial of a transcript of testimony given by a witness at appellant's first trial. We will, therefore, discuss only appellant's seventh through eleventh grounds of error.

Briefly summarized, the record reflects that appellant was employed as Chief Juvenile Probation Officer for El Paso County at the time of the alleged offense in 1969. He was indicted for the embezzlement of fifty ($50) dollars paid to him by a Mrs. Marie Kellum in restitution for damages caused by her son, a juvenile offender, to a car owned by Gary Sanderling. Mrs. Kellum testified that on September 10, 1969 she made out a check for fifty dollars, payable to appellant, and mailed it to him at the juvenile detention home. She said that the check cleared her bank, endorsed by appellant, on September 22, 1969. She further stated that she was following appellant's instructions in mailing him the check because she understood that appellant would act "as her agent" and see that Sanderling was paid.

One of appellant's secretaries testified that she cashed the check in question and that it was endorsed with appellant's signature. She stated that she gave the fifty dollars in cash to appellant on September 18, 1969. She said that she thought the check was unusual because it contained the notation that it was for "court costs" in the case of Johnny Lansford (Mrs. Kellum's son). She thought it unusual because she did not remember any restitution payments being involved in that particular case.

Other testimony established that it was not unusual for the secretary to cash checks for appellant since he had established a cash disbursement system for restitution payments. It was developed that the juvenile offenders, or their families, would make payments to appellant's office, usually in cash, and would receive a written receipt. The money was maintained in a restitution fund and disbursed to the complainants,

also in cash. The bookkeeping method for these disbursements was not established by the evidence.

Gary Sanderling, owner of the damaged car, did not testify in this trial. However, the State introduced into evidence the transcript of his testimony at appellant's first trial which resulted in a mistrial. The essence of Sanderling's testimony was that he was present in the courthouse in El Paso on the day of the Lansford boy's juvenile hearing. Sanderling stated that after the hearing he was told by a man, whom he could not identify, that the Lansford family was in poor financial condition due to the recent death of the boy's father. He stated that the man left him with the impression that it would be very difficult to get restitution payments for damage to his car. He further stated that he never received a fifty dollar payment and heard nothing more about the case. He also stated that he made no attempt to contact anyone at the juvenile probation offices before he was transferred away from El Paso in December of 1969.

Appellant objected to the introduction of the transcript of Sanderling's testimony on the grounds that the State failed to lay the proper predicate for the introduction of the transcript under Article 39.01, Vernon's Ann.C.C.P.

■ If a witness has once testified in a case, in a preliminary hearing or in a former trial, and the accused was present and had the opportunity to cross-examine the witness, and such witness has since died, or resides out of the State, or has removed beyond the limits of the State, or cannot attend by reason of age or bodily infirmity, or has been prevented from attending court through the act or agency of the other party, his testimony may be reproduced at a subsequent trial of the case if the proper predicate be laid for its admission. See Article 39.01, Vernon's Ann.C.C.P.; 1 Branch's Ann.P.C., 2d ed., Sec. 98, p. 110.

■ To be admissible it must be shown that the witness's testimony at the former trial or hearing was given under oath, that it was competent, that the accused was present and had adequate opportunity to cross-examine him through counsel, and that the accused was the defendant at the former trial or hearing upon the same charge. See 24 Tex.Jur.2d, Sec. 698, p. 337; Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); Forbes v. State, 513 S.W.2d 72 (Tex.Cr.App.1974); Carver v. State, 510 S.W.2d 349 (Tex.Cr. App.1974). Such predicate must be clearly and satisfactorily established before such testimony can be reproduced. 1 Branch's Ann.P.C., 2d ed., Sec. 99, p. 112.

The Supreme Court in Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968), noted that the exception to the confrontation requirement has been explained and "justified on the ground that the right of cross-examination initially afforded provides substantial compliance with the purposes behind the confrontation requirement."

■ Where the State seeks to reproduce testimony of an absent witness given at a prior hearing, it has the burden of establishing an exception to the right of confrontation. Forbes v. State, supra; Carver v. State, supra; Whitehead v. State, 450 S.W.2d 72 (Tex.Cr.App.1969); Cumpston v. State, 155 Tex.Cr.R. 385, 235 S.W.2d 446 (Tex.Cr.App.1951).

"Recognizing the traditional exception to the confrontation requirement where a witness is unavailable and has given testimony in a previous judicial proceeding against the same defendant which was subject to cross-examination, the Supreme Court in Barber, supra, nevertheless held that 'a witness is not "unavailable" for purposes of the foregoing exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial.'" Carver v. State, supra; Forbes v. State, supra. Compare Mancusi v. Stubbs, 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972).

Appellant in the instant case contends that the State failed to lay the proper predicate for the introduction of Sanderling's testimony by failing to make a good-faith

effort to secure his attendance, knowing his whereabouts and knowing his availability for trial.

We note at the outset that no subpoena was ever issued for Sanderling. The record reflects that an investigator for the El Paso district attorney's office had determined that Sanderling resided in North Carolina. The investigator testified that he had attempted to "secure the attendance" of Sanderling by calling his home on various occasions, but had received no answer. He stated that he did nothing further to contact Sanderling. The prosecutor, Mrs. Sipes, testified that she sent Sanderling a letter on December 18, 1971 requesting an estimate of his expenses for coming to testify. She stated that Sanderling responded by telephone and told her that he was in school in North Carolina and "would be more than willing to come to El Paso to testify in this trial" but that he was going to Florida for a school vacation for the Christmas holidays and would contact her again to ascertain when he would be able to attend. Mrs. Sipes stated that this telephone conversation took place sometime between the mailing of her letter on December 18 and Christmas, only two weeks prior to this January 4, 1972 trial. She further stated that she determined that Sanderling would be "financially unable to attend" the trial because his own funds were insufficient, although it was not established when she learned this. The prosecution also presented testimony by the county auditor that the county had no funds to pay Sanderling's expenses to El Paso. It was further developed that Sanderling was residing in North Carolina at the time of appellant's first trial and his expenses had been paid to enable his attendance at that trial.

Under the provisions of Article 24.28, Sec. 4, Vernon's Ann.C.C.P., the court in the instant case could have issued a summons to compel the attendance of Sanderling at appellant's trial. (Both North Carolina and Florida have adopted provisions of the Uniform Act to secure the attendance of witnesses from without the State. See West's F.S.A. Sec. 942.01 to 942.06 and North Caro-

lina G.S. Sec. 15A–811 to 15A–816. Article 24.28, Sec. 4(b) also provides for the payment of compensation to nonresident witnesses as required for compliance with Article 24.28.

In light of these provisions and the requirements of *Barber v. Page,* supra, we do not think that the State has established a "good-faith" effort to secure the attendance of Sanderling. The prosecutor herself testified that the witness was willing to attend the trial. It appears that the only compelling reason prohibiting his attendance was his own lack of funds and the county's inability to pay his expenses. As stated in *Barber v. Page,* supra, the appellant's right of confrontation cannot be dispensed with so lightly. It was therefore error for the trial court to permit the reading of the transcript of Sanderling's testimony at appellant's trial.

Furthermore, we cannot hold that the introduction of the transcript constituted harmless error under the rule set out in *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

In *Fellers v. State,* 138 Tex.Cr.R. 307, 136 S.W.2d 217 (Tex.Cr.App.1940), this Court stated,

"In order to sustain a prosecution for embezzlement against an agent of a private person or corporation, four distinct propositions of fact must be established in evidence, beyond a reasonable doubt. * * * 1. That the defendant was the agent of the person or corporation as alleged, and by the terms of his employment was charged with the duty of receiving the money of his principal. 2. That he did so receive money belonging to his principal. 3. That he received it in the course of his employment. 4. That he embezzled, misapplied, or converted it to his own use."

In the instant case the evidence, as presented by the State, shows (1) that appellant routinely acted as an intermediary between juveniles and complainants; (2) that he assumed this relationship with Mrs. Kellum; (3) that Mrs. Kellum mailed a check to appellant to pay her son's restitu-

tion; (4) that the check was endorsed with appellant's signature and cashed by appellant's secretary; (5) that the secretary gave the money to appellant; and (6) that Sanderling never received the money.

Under the facts and circumstances of this case, it was essential to the State's case that the disposition of the proceeds of Mrs. Kellum's check be. established. Unlike *Forbes v. State,* supra; *Carver v. State,* supra, and *Whitehead v. State,* supra, there was no evidence other than the testimony of the absent witness which would establish appellant's guilt. Sanderling's testimony was the State's only evidence of any alleged misappropriation of the proceeds of the check.

Therefore, the judgment is reversed and the cause remanded.

Opinion approved by the Court.