David Lynn RUTLEDGE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05-84-00664-CR.

Court of Appeals of Texas,
Dallas.

May 22, 1985.

Lawrence B. Mitchell, Dallas, for appellant.

Dennis E. Guffey, Lynn Hastings, George West, Dallas, for appellee.

Before SPARLING, WHITHAM and GUILLOT, JJ.

GUILLOT, Justice.

This is an appeal from a conviction for aggravated kidnapping. Appellant raises two grounds of error; however, at oral argument he conceded that his second ground is controlled by *Henderson v. State*, 617 S.W.2d 697 (Tex.Crim.App.1981). Therefore, we overrule this ground. In appellant's first ground of error he contends that the trial court erred in allowing improper impeachment of his witness, who, appellant maintains, was a character witness. For the reasons below, we disagree. Consequently, we affirm.

Appellant pleaded guilty to aggravated kidnapping and elected to have a jury assess punishment. At the punishment hearing, appellant called William Rawlings as a witness in his behalf. In response to direct examination, Rawlings testified as follows:

Q: Can you tell the members of the jury what type of man David Rutledge has appeared to you to be?

A: He was impeccable, as far as I was concerned.

. . . . .

Q: Did you have any reason to believe that he would be a danger—to you or your grandchildren or your children?

. . . . .

Q: Did you find—was he any kind of troublemaker?

A: Not to my knowledge.

Because appellant filed a motion in limine seeking to exclude any prior acts of misconduct, a *sub rosa* hearing was held, and the State argued that these questions opened the door to "have you heard" questions regarding appellant's prior acts. The careful trial court adjourned the hearing to consider the matter, and then agreed with

the State and allowed it to impeach Rawlings with the following "have you heard" questions:

Q: Is that correct? Did you tell the jury that the defendant was a nice person and—

A: Yes I did.

Q: —and an impeccable person?

A: Yes I did.

Q: Mr. Rawlings, have you heard the defendant fondled a seven-year-old girl in Fort Worth, Texas in June of 1979?

. . . . .

Q: Have you heard the defendant sexually assaulted a 16-year old girl—?

Appellant contends that Rawlings was not a reputation witness, but a character witness. We agree. The testimony was not based upon hearsay knowledge of appellant's reputation in the community but was based upon Rawlings' personal knowledge of his character traits. Generally, character witnesses cannot be impeached by "have you heard" questions. *Livingston v. State*, 589 S.W.2d 395, 400 (Tex.Crim.App. 1979). The reason that this is so is because of the distinction between reputation evidence and character evidence. Reputation evidence is based upon hearsay knowledge on the part of the witness; what he or she has heard through others about the defendant's standing in the community. Thus, it is proper to impeach such evidence with questions that test the credibility of the witness. The purpose of such questions is not to show specific instances of misconduct. *Brown v. State*, 477 S.W.2d 617 (Tex.Crim.App.1972). On the other hand, where a witness testifies to specific character traits of the defendant of which the witness has personal knowledge, the testimony is not based upon hearsay because it is not based upon what the defendant is thought to be. Thus, "have you heard" questions are an improper form of impeachment. However, the statement that appellant is "an impeccable person" would tend to show that appellant possessed more than one character trait that was good. An inference could be drawn from this testimony regarding such character traits as being

peaceful, law abiding, and engaging in conduct conforming to the social norm. Thus, the statements that appellant was "a nice man" and "impeccable" encompass a broad range of character traits, going so far as to infer general good character. Consequently, the use of "have you heard" questions was proper to test Rawlings' knowledge of specific acts of misconduct inconsistent with the character traits Rawlings impliedly attributed to appellant in his broad testimony. These questions were pertinent and germane to Rawlings' testimony. As the court of criminal appeals has stated the rule, in *Livingston*, 589 S.W.2d at 402 (Tex. Crim.App.1979), "when a witness testifies to conduct of the defendant that is so broad as to infer that the defendant has general good character, the witness' credibility can be impeached with "have you heard" questions involving specific instances of misconduct inconsistent with generally good character." The evidence presented through the witness in this instance being that broad, we overrule appellant's first ground of error, and having done so, we affirm.

Affirmed.

WHITHAM, Justice, dissenting.

I respectfully dissent. I agree that the individual who testified was a character, not a reputation witness. However, I cannot agree that the witness' testimony on direct was so broad as to permit impeachment with "have you heard" questions. *Livingston v. State*, 589 S.W.2d 395, 402 (Tex.Crim.App.1979) (en banc). Consequently, Rawlings was not a reputation witness by his interrogation on direct examination and the State should not have been permitted to have asked "have you heard" questions. *Penagraph v. State*, 623 S.W.2d 341, 345 (Tex.Crim.App.1981).

Accordingly, I would sustain appellant's first ground of error and reverse and remand.