Michael RAJSKI, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–85–412–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 14, 1986.

Jon A. Jaworski, Houston, for appellant.

John B. Holmes, Jr., Kathyln Giannaula, Patricia Saum, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

MURPHY, Justice.

Appellant was charged with the offense of involuntary manslaughter, to which he entered a plea of not guilty. Trial was by jury, and appellant was convicted of the offense of criminally negligent homicide. Punishment was assessed by the jury at one year's probation and a $2,000.00 fine. In four grounds of error appellant complains that the trial court: (1) abused its discretion in overruling his motion for severance; (2) erred in admitting evidence of a subsequent specific act of misconduct; (3) erred in refusing to allow him to call his co-defendant as a witness to his defense at trial; and (4) erred in refusing to allow him to admit the former deposition testimony of his co-defendant who was exempted at trial from testifying. We affirm.

Appellant was the driver of an automobile which was involved in an accident with another vehicle. A passenger in appellant's car died as a result of the accident, and a second passenger was seriously injured. Both appellant and the driver of the second car, Carol Jean Simon, were seriously injured, and both were ultimately charged with involuntary manslaughter.

In his first ground of error, appellant complains that the trial court erred in overruling his motion for severance. Appellant's motion requested that separate trials be held for himself and his co-defendant. His main complaint was that a joint trial would be prejudicial to him as he and Simon were adverse to each other, and that he would not be able to call Simon as a witness because of constitutional limitations. Appellant contends on appeal that the record demonstrates that he was prejudiced by the joint trial because Simon invoked her Fifth Amendment privilege and refused to testify, and because the trial court refused to allow him to introduce a prior deposition of Simon as former testimony. Appellant claims that he was unable to put exculpatory evidence before the jury, and that it was therefore an abuse of discretion for the trial court to fail to grant separate trials.

Article 36.09 of the Code of Criminal Procedure grants the trial court discretion to try two or more defendants jointly if

they are indicted for the same offense or for any offense arising out of the same transaction. TEX.CODE CRIM.PROC. ANN. art. 36.09 (Vernon 1981). Article 36.09 further provides in pertinent part the following:

> ... that in cases in which, upon timely motion to sever, *and evidence introduced thereon,* it is made known to the court that there is a previous admissible conviction against one defendant or that a joint trial would be prejudicial to any defendant, the court shall order a severance as to the defendant whose joint trial would prejudice the other defendant or defendants. (Emphasis added).

The right to a severance is not absolute, but rather the denial of a motion to sever constitutes an abuse of discretion only when the movant satisfies the "heavy burden" of showing clear prejudice. *See, e.g., Latham v. State,* 656 S.W.2d 478, 480 (Tex. Crim.App.1983) (en banc); *Foster v. State,* 652 S.W.2d 474, 477 (Tex.App.—Houston [1st Dist.] 1983), *aff'd,* 693 S.W.2d 412 (Tex.Crim.App.1985) (en banc).

■ We are of the opinion that appellant's contention that the trial court abused its discretion in denying his motion to sever is without merit for several reasons. First, we note that Article 36.09 of the Code of Criminal Procedure quoted above requires that evidence be introduced to support a motion to sever. *See, e.g., Sanne v. State,* 609 S.W.2d 762, 775–76 (Tex.Crim.App. 1980) (en banc); *Robertson v. State,* 632 S.W.2d 805, 807 (Tex.App.—Houston [14th Dist.] 1982, no pet.). Appellant's motion however, was conclusory and failed to present evidence to demonstrate the prejudice that would result from a joint trial. As discussed above, appellant's motion merely alleged his concern that he would not be able to call co-defendant Simon as a witness because of constitutional limitations.

■ Second, we disagree with appellant's characterization of his defense as conflicting and antagonistic to that of co-defendant Simon. The State's case against Simon consisted of allegations that she was speeding and intoxicated. Its case against appellant was that he was intoxicated, under the influence of marijuana, and that he failed to yield the right-of-way. Thus the State's proof demonstrated that *both* defendants were at fault through their independent conduct in causing the accident. The fact that the degree of guilt among co-defendants is diverse does not of itself establish conflicting defenses. *Mahavier v. State,* 644 S.W.2d 129, 133 (Tex.App.— San Antonio 1982, no pet.). Furthermore, only appellant's counsel called defense witnesses in an attempt to establish Simon's fault for the accident. The rule is that when one co-defendant has no apparent defense, there can be no "conflicting" defenses. *Robertson v. State, supra,* at 808.

Finally, as to appellant's contention that the motion for severance was improperly overruled because a joint trial prevented him from calling co-defendant Simon as a witness, we note the test set out in *United States v. Rice,* 550 F.2d 1364 (5th Cir.1977), cited by appellant. Under *Rice,* a movant must establish: (1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) its exculpatory nature and effect; and (4) that the designated co-defendant will *in fact* testify at a separate trial. *Rice, supra,* at 1369.

■ As discussed above, appellant's motion was conclusory, and failed to present supporting evidence to demonstrate the prejudice that would result from a joint trial. To the extent that appellant offered Simon's deposition into evidence as proof of the substance of the desired testimony, such was done *after* the State rested, and thus was not timely under severance procedure. *Sanne v. State,* 609 S.W.2d at 775. Furthermore, even though Simon's deposition may have provided proof that she was at fault in causing the accident, such proof does not exclude the fact that appellant was also at fault. Similarly, some of the testimony in Simon's deposition, such as her testimony that she was not intoxicated at the time of the accident, would in fact have been inculpatory to appellant. Finally, there is no proof in

the record that *if* a severance had been granted, Simon would *in fact* have testified at appellant's trial. Thus, in view of the foregoing, we are of the opinion that the trial court did not abuse its discretion in refusing to order a severance. Appellant's first ground of error is overruled.

In his second ground of error, appellant complains that the trial court erred in admitting evidence of a subsequent specific act of misconduct. During the punishment phase of the trial, the State called Edna Hagan, the deceased complainant's mother to the witness stand, and elicited testimony regarding funeral expenses. Counsel for appellant, Mr. Jaworski, then cross-examined Mrs. Hagan as to her feelings about punishment, and the following exchange took place:

Q: Mrs. Hagan, as far as punishment for Michael Rajski, how do you feel about him?

A: Knowing Mike as I know him, he's an awfully good boy. I don't know Carol and didn't know her until I came to Court. The boy has been through a lot. He lost his father about eight months after the wreck. He has been through quite a bit and I think this should be sufficient punishment for him because I really don't feel like he was at fault.

Q: Do you feel that Michael Rajski should go to jail for this?

A: No, I don't. I think the boy has suffered enough.

Counsel for co-defendant Simon then asked that the jury be removed from the courtroom so that he could ask the witness a question and have the court rule on it outside the jury's presence. Co-defendant's counsel then informed the court that since counsel for appellant had opened the door, he intended to ask the witness whether or not she had heard that since the accident appellant had been charged with driving while intoxicated. After the court ruled that it would permit the question, the following transpired:

MR. JAWORSKI: I would object to that in the presence of the jury. I would object to it.

THE COURT: Your objection is overruled. Bring the jury in.

MR. JAWORSKI: Your Honor, the basis of my objection, she volunteered the information. I did not ask whether he was a good boy or not.

The court ordered the jury back into the courtroom, and co-defendant's counsel asked the witness if she had heard that since the accident appellant had been charged with driving while intoxicated, and the following transpired:

MR. JAWORSKI: Again I object.

THE COURT: Overruled

MR. JAWORSKI: Note my exception.

Q: Have you heard that?

A: Yes.

On recross-examination, counsel for appellant pursued this topic and questioned the witness as follows:

Q: Has that changed your opinion at all?

A: No.

Q: Would you want Michael Rajski to have probation?

A: Yes, I would.

Appellant contends that the "have you heard" question was improper impeachment of the witness because she was not called as a reputation witness. Appellant argues that even if the witness were held to be a general character witness, "have you heard" questions would only be allowed as to *prior* acts of misconduct of appellant.

 We are of the opinion that appellant's complaint in this ground of error is without merit for two reasons. First, appellant's general objections made at trial have preserved nothing for review. *Hodge v. State*, 631 S.W.2d 754, 757 (Tex.Crim. App.1982). Furthermore, even if an objection had been made at trial on the grounds now urged on appeal, we are of the opinion that the complaint has no merit. It is true that "have you heard" questions are generally improper when a witness is testifying

as to personal opinion of someone's character. *Livingston v. State*, 589 S.W.2d 395, 400 (Tex.Crim.App.1979). It is also true, however, that "when a witness testifies to conduct of the defendant that is so broad as to infer that the defendant has good general character, the witness' credibility can be impeached with 'have you heard' questions involving specific instances of misconduct inconsistent with generally good character." *Livingston v. State, supra,* at 402. Thus in *Rutledge v. State,* 693 S.W.2d 681, 683 (Tex.App.—Dallas 1985, pet. granted), the court held that a witness' testimony that the appellant was a nice person and an impeccable person opened the door to the use of "have you heard" questions. In particular, the court opined that "the statements that appellant was 'a nice man' and 'impeccable' encompass a broad range of character traits, going so far as to infer general good character. Consequently, the use of 'have you heard' questions was proper to test Rawlings' knowledge of specific acts of misconduct inconsistent with the character traits Rawlings impliedly attributed to appellant in his broad testimony." *Rutledge, supra,* at 683.

Thus, we are of the opinion that the use of a "have you heard" question under the facts of the instant case was proper in view of the witness' testimony as to appellant's general good character. We reject appellant's contention that because the question referred to a subsequent act of misconduct, it was improper. The rule has long been that "[t]he only requirement is that the act be inconsistent with the character trait about which the witness has testified." *Ward v. State,* 591 S.W.2d 810, 812 (Tex. Crim.App.1978) (en banc). Appellant's second ground of error is overruled.

In his third ground of error, appellant complains that the trial court erred in refusing to allow him to call his co-defendant as a witness to his defense at trial. Appellant contends that the Fifth Amendment privilege was not properly invoked because it was co-defendant's counsel, Mr. Gray, who informed the court that she *intended to* invoke the privilege.

Outside the presence of the jury, appellant's counsel was asked how many more witnesses he intended to call, and the following transpired:

MR. JAWORSKI: I have an inquiry about calling Carol Jean Simon to the stand, Your Honor?

MR. GRAY: We have informed counsel that *she will invoke her rights under the Fifth Amendment* and the Bill of Rights of the Texas Constitution. He has no right in a joint trial to call one of the other co-defendants.

MR. JAWORSKI: She has the right I believe to take the Fifth. I don't believe its possible for counsel to take the Fifth for her.

PROSECUTOR: The State's position is he is not entitled to call her as a witness and we would object.

THE COURT: I am not going to allow you to call her.

MR. JAWORSKI: She is going to be allowed to take the Fifth Amendment herself?

THE COURT: Counsel has already stated for the record *that's what he would advise her to do.* I think you have enough in the record.

(Emphasis added). Counsel for appellant thereafter attempted to introduce into evidence the co-defendant's deposition on the basis that she was now an "unavailable witness."

We have reviewed the record in this case, and we are of the opinion that there is no merit in appellant's contention that his co-defendant improperly invoked her Fifth Amendment privilege. The proceedings during which co-defendant's counsel advised the court of her *intent* to invoke the Fifth Amendment took place *outside* the presence of the jury. Appellant's counsel merely advised the court that he had an "inquiry" about calling the co-defendant to the stand. In response, co-defendant's counsel advised the court that "she *will* invoke her rights" under the Fifth Amendment. The court then ruled that appellant would not be allowed to call

his co-defendant to the stand to testify. As can be discerned from the exchange quoted above, counsel for appellant *did not object* to the court's ruling, thus nothing is preserved for review. *Rogers v. State,* 640 S.W.2d 248 (Tex.Crim.App.1981). This general rule applies with equal force to constitutional questions. *Id.* Furthermore, counsel did not actually call the co-defendant to testify. Instead he *inquired* of the court of the possibility of calling the co-defendant, and co-defendant's counsel *advised* the court of her *intent* to take the Fifth Amendment. We also reject appellant's further complaint that the trial court erred in not making further inquiry of Simon's intent to invoke the Fifth Amendment. As the record clearly demonstrates, Simon's intent to invoke the Fifth Amendment was on the advice of counsel, the trial court was not required to make further inquiry. *Chennault v. State,* 667 S.W.2d 299, 302 (Tex.App.—Dallas 1984, pet. ref'd). Appellant's third ground of error is overruled.

In his fourth ground of error, appellant complains that the trial court erred in refusing to allow him to admit into evidence the former deposition testimony of his co-defendant. As a result of the refusal, appellant claims that he was denied his Sixth Amendment rights of confrontation, cross-examination and compulsory process. We disagree.

The deposition appears to have been taken in connection with a civil suit initiated by the deceased complainant's father. The record reflects that the only parties present at the taking of Simon's deposition were Carol Simon, her attorney, and counsel for plaintiff.

■ We are of the opinion that the trial court did not err in refusing to admit the deposition of appellant's co-defendant, for it is clear that appellant did not comply with the requirements for the taking and use of said deposition. The common law rule has long provided that "statements made in evidence in a previous judicial proceeding may be admitted in a subsequent trial as evidence of the truth of such state-

ments, provided that the witness is shown to be dead or unavailable, *and the party against whom the evidence is now offered, or someone else claiming under the same right, had the opportunity to cross-examine the witness on the same issue as that upon which the evidence is now offered."* *Boyd v. State,* 633 S.W.2d 578, 581 (Tex. App.—Texarkana), *aff'd,* 643 S.W.2d 708 (Tex.Crim.App.1982) (emphasis added). As discussed above, the deposition in the instant case reflects that the only parties present at its taking were the plaintiff's counsel, Simon and her attorney. The record, therefore, does not indicate that any representative of the State was present.

■ Chapter Thirty-Nine of the Code of Criminal Procedure provides guidelines for the taking and use of depositions in criminal cases. A review of the articles contained therein discloses that appellant failed to lay the proper predicate for admission of the deposition under the Code of Criminal Procedure. For example, Article 39.01 provides that:

> [t]he deposition of a witness duly taken before an examining trial or a jury of inquest ... or taken at any prior trial of the defendant for the same offense, may be used by either the State or the defendant in the trial of such defendant's criminal case.... [Such use is contingent, however, on the defendant's establishment of the unavailability of the witness as defined in the statute].

TEX.CODE CRIM.PROC.ANN. art. 39.01 (Vernon 1979). The record in the instant case is devoid of proof that the deposition was taken before an examining trial, a jury of inquest, or in a prior trial of the appellant for the same offense. Similarly, the requirements of Articles 39.02 and 39.03 were not met as the record fails to reflect that the trial court was given an opportunity to rule on the merits of an application to take the deposition, and to set guidelines for its taking. Furthermore, the State was not provided notice and an opportunity to be present at the taking of the deposition. *See, e.g.,* TEX.CODE CRIM.PROC.ANN.

arts. 39.02, 39.03 (Vernon 1979). In view of the foregoing, we are of the opinion that the trial court did not err in refusing to allow the admission of Simon's deposition. Appellant's fourth ground of error is overruled. The judgment of the trial court is affirmed.