**Darrell Hardy LACY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 12–93–00049–CR.

Court of Appeals of Texas, Tyler.

Feb. 28, 1995.

Deborah J. Race, Mark W. Hall, Tyler, for appellant.

Edward J. Marty, Tyler, for appellee.

HOLCOMB, Justice.

A jury convicted Appellant for engaging in organized criminal activity by conspiring to commit the offense of unlawful delivery of a controlled substance and sentenced him to 35 years in jail. In three points of error, Appellant contends that the court erred when it: (1) refused to quash the jury panel after the State used a peremptory strike in a discriminatory manner; (2) denied Appellant's motion to sever his case from the other three co-defendants; and (3) allowed the State's witness to testify while the jury was shown a 10 hour video tape.

Tyler police suspected that Appellant and other co-defendants were actively selling crack cocaine from an apartment located on 1316 West First Street. As a result, several police officers began a covert surveillance operation in a house across the street. Officer David Spencer and Officer Reginald Conley used a video camcorder with a night scope to record the activities occurring less than a hundred feet away. On the video, the same individuals swarmed the yard and driveway at 1316 West First Street. They approached cars, as well as pedestrians as they lingered near the apartment. During the three day surveillance period, the same 15–20 people systematically displayed and delivered an object that was routinely exchanged for money. It is undisputed that

some of the transactions that occurred were for the purchase of crack cocaine. All of the sellers operated out of the same apartment and the same cars repeatedly drove through the area. Undercover officer Charles Bledsoe, Carlos Samples, and Danny Alexander wore "body-mikes" and made "buys" of crack cocaine from the various sellers. No undercover buys were made from Appellant. On the video tape, Appellant was seen primarily sitting in a parked car and interacting with the people standing outside the apartment.

On May 23, 1993, the Tyler Police Department raided the apartment. During the search, officers seized a razor blade, a straight-shooter, a plastic bag containing a white powder residue, a medicine bottle containing five rocks of cocaine, and other paraphernalia. Appellant and twenty-three other individuals were later indicted for delivery of a controlled substance, as well as for participating in an organized criminal activity. Out of eighty-nine overt acts that were alleged to have been committed, the indictment charged Appellant with participating in the following acts:

> On or about the 21st day of May, 1993, Darrell Lacy arrives at the 1300 block of West First Street and meets with Luther Robinson.
> On or about the 21st day of May, 1993 Darrell Lacy arrives at the 1300 block of West First Street; Charles Bell approaches Darrell Lacy; Darrell Lacy transfers a small object or objects to Charles Bell; then Darrell Lacy leaves the area.
> On or about the 23rd day of May, 1993, Darrell Lacy arrives at the 1300 block of West First Street and is contacted by Andre Ray; Andre Ray transfers currency to Darrell Lacy and Darrell Lacy transfers a small object or objects to Andre Ray.

The court tried Appellant, Gregory Mumphrey, John Shears and Charles Bell together. We will reverse and remand.

■ In his second point, Appellant contends that the trial court abused its discretion when it denied his motion to sever his cause from the other three co-defendants. Initially, Appellant's motion to sever was presented orally to the court. The court listened to Appellant's argument and denied the request to sever. However, at the conclusion of the pre-trial hearing, Appellant reurged his motion to sever by filing a written motion. In his motion to sever, Appellant claimed that Charles Bell, a co-defendant, would testify on Mr. Lacy's behalf if Bell were tried separately from Appellant. In an affidavit attached to Appellant's motion to sever, Bell states: "If I were not a co-defendant that was on trial at the same time, I would agree to testify ... that on the occasion depicted on the surveillance videotape, Darrell Lacy handed me a business card for Jump the Broom Boutique, and talked to me about selling me clothes." After considering Appellant's motion, the court again denied Appellant's motion to sever. Appellant argues that under Article 36.09 of the TEXAS CODE OF CRIMINAL PROCEDURE, severance is mandatory because the court's failure to try his cause separately from Charles Bell's case prevented Appellant from calling a witness who could explain his actions, which was prejudicial to his case. We agree.

■ Article 36.09 of the TEXAS CODE OF CRIMINAL PROCEDURE grants the trial court discretion to try two or more defendants jointly if they are indicted for the same offense or for any offense arising out of the same transaction. TEX.CODE CRIM.PROC.ANN. art. 36.09 (Vernon 1981). Article 36.09 further provides in pertinent part the following:

> [T]hat in cases in which, upon timely motion to sever, and evidence introduced thereon, it is made known to the court that ... a joint trial would be prejudicial to any defendant, the court shall order a severance as to the defendant whose joint trial would prejudice the other defendant or defendants.

(Emphasis added.)

TEX.CODE CRIM.PROC.ANN. art. 36.09 (Vernon 1981) Although the right to a severance is not absolute, the denial of a motion to sever constitutes an abuse of discretion when the movant can show that a joint trial was clearly prejudicial to his case. See TEX.CODE CRIM. PROC.ANN. art. 36.09; *Louis v. State*, 825 S.W.2d 752, 757 (Tex.App.—Houston [14th

Dist.] 1992, pet. ref'd). To establish prejudice on the basis of the right to have a co-defendant testify as a witness, the moving party must demonstrate: (1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) its exculpatory nature and effect; and (4) evidence that the designated co-defendant will in fact testify at a separate trial. *Rajski v. State,* 715 S.W.2d 832, 835 (Tex.App.—Houston [14th Dist.] 1986, no pet.) (applying the test set forth in *United States v. Rice,* 550 F.2d 1364, 1369 (5th Cir.1977)).

In the indictment, Appellant was charged with participating in three of the eighty-nine overt acts that were alleged to have been committed by twenty-four people. One of the overt acts stated in the indictment alleged that Appellant met with co-indictee, Luther Roberson. Another act alleged was that Appellant handed Andre Ray an object in exchange for money. Andre Ray, a co-indictee, was offered immunity by the State and testified that the exchange that he had made with Appellant involved the sale of crack cocaine. The other overt act that Appellant was alleged to have committed was when he transferred an object to Charles Bell and then left the area. Had the court severed Appellant's case from the other co-defendants, Charles Bell would have testified that the transaction that occurred between Bell and Appellant was the exchange of a business card. Therefore, arguably, Appellant could have had an opportunity to eliminate in the minds of the jury one of the three overt acts that had been alleged against him. At the same time that Charles Bell was defending himself against criminal charges, he could not have testified in Appellant's behalf without relinquishing his right to claim his Fifth Amendment privilege not to testify against himself. As a result, the court's denial of Appellant's motion to sever was prejudicial because it effectively denied Appellant testimony that may have explained to the jury that Appellant's presence in the midst of a intense drug trafficking area was for a legitimate purpose. Accordingly, Appellant's second point is *sustained,* and we do not reach points of error one and three.

The judgment of the trial court is **reversed and this cause is remanded for a new trial.**