The STATE of Texas, Appellant,

v.

Clortis Foston ROBERTS, Appellee.

No. 14–94–01193–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 31, 1995.

Discretionary Review Granted Jan. 10, 1996.

Michael A. Lamson, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

LEE, Justice.

Clortis Foston Roberts, appellee, was charged with misappropriation of fiduciary property. TEX. PENAL CODE ANN. § 32.45 (Vernon Supp.1994).[1] She filed a pretrial motion to suppress a deposition taken in an earlier civil action which the state proposed to use in the criminal prosecution. The trial court granted the motion to suppress. The state appeals contending the motion to suppress should not have been granted. We affirm.

From October 1991 until August of 1992, Lawrence White cohabitated with Roberts. White, who previously had been diagnosed with AIDS, was the beneficiary of a former roommate's life insurance policy. While White and Roberts cohabitated, White gradually put these insurance proceeds into accounts in Roberts' name. He also gave her a power of attorney over various matters. In August 1992, White received the last insurance proceeds check and, in September, Roberts ordered White out of her home.

Approximately a year later, November 1993, White brought a civil action against Roberts alleging breach of fiduciary duty. White was deposed as part of this civil action. Because of White's deteriorating condition, this deposition was used in the civil jury trial instead of White testifying in person. At the conclusion of the civil trial, the jury awarded White approximately $180,000 in actual and punitive damages for Roberts' breach of fiduciary duty.

After the civil judgment was entered, White died, and, subsequently, the state initiated criminal charges against Roberts. No criminal deposition or hearing testimony was taken from White while the criminal case was pending. In addition, when White was deposed, no criminal action against Roberts was pending. Roberts moved for and was granted suppression of White's deposition.

The state appeals the trial court's decision asserting that the deposition is admissible former testimony. See TEX.R.CRIM.EVID. 804. Thus, we are to determine whether Texas law allows the state to use a civil deposition in a criminal prosecution.

■■■ In reviewing a ruling on a motion to suppress evidence, we are to view the evidence in the light most favorable to the trial court's ruling. *Green v. State,* 615 S.W.2d 700, 707 (Tex.Crim.App.1980); *Posey v. State,* 763 S.W.2d 872, 874 (Tex.App.— Houston [14th Dist.] 1988, pet. ref'd). As a basis for ruling on a motion to suppress, the trial judge is entitled to believe or disbelieve any or all of a witness's testimony and the appellate court is not at liberty to disturb any finding supported by the record. *Rysiejko v. State,* 782 S.W.2d 529, 532 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd). On appeal we do not engage in our own factual review. Rather we are to decide whether the trial judge's findings are supported by the record. If the findings are supported by the record, we are not at liberty to disturb them. We only address whether the trial court properly applied the law to the facts of the case. *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App.1990). Thus, we may review the trial court's decision to suppress White's deposition because its admission was "contrary to Texas constitutional, statutory and common law."

Initially, we note that this appears to be case of first impression. Neither party has directed our attention to Texas case law which directly addresses whether a civil deposition can be used **by the prosecution** in a subsequent criminal prosecution. Two Texas courts have, however, refused to allow a defendant to use a civil deposition in his subsequent criminal defense because the state was not a party or otherwise represented when the deposition was taken. *See Luckie v. State,* 33 Tex.Crim. 562, 28 S.W. 533 (1894); *Rajski v. State,* 715 S.W.2d 832 (Tex.App.— Houston [14th Dist.] 1986, no pet.).

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See* Act of June 19, 1993, 73rd Leg., ch. 900, § 1.18(b), 1993 Tex.Gen.Laws 3589, 3705 (current version at TEX.PENAL CODE ANN. § 32.45 (Vernon 1995)).

Rule 804 provides an exception to hearsay when the declarant is unavailable. Former testimony given at another hearing of the same or a different proceeding is admissible if the accused "had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." TEX.R.CRIM.EVID. 804(b)(1). The rule, however, also provides that "[t]he use of depositions is *controlled* by Chapter 39 of the Texas Code of Criminal Procedure." *Id.* (emphasis added). Thus, in order for a deposition to be used in a criminal proceeding, the deposition must comport with chapter 39 of the code of criminal procedure. Chapter 39 only indicates two instances when a deposition may be used in a criminal proceeding:[2]

1. Article 39.01 provides that if certain prerequisites are complied with, "[t]he deposition of a witness duly taken before an examining trial or a jury of inquest ... or taken at any prior trial of the defendant for the same offense, may be used by either the State or the defendant in the trial of such defendant's criminal case." TEX.CODE CRIM. PROC.ANN. art. 39.01 (Vernon 1979).

2. Article 39.02 provides that the defendant may take a witness' deposition if the defendant can show in an affidavit and at a subsequent hearing that "good reason exists for taking the deposition." TEX.CODE CRIM.PROC.ANN. art. 39.02 (Vernon 1979).

Article 39.01 does not support the use of White's deposition in this case. The deposition was not taken "before an examining trial, a jury of inquest, or in a prior trial for the same offense." *Rajski,* 715 S.W.2d at 837. Similarly, article 39.02 does not support the use of the deposition in this case. White's deposition was not taken pursuant to a request by Roberts which was granted by the trial court after a hearing in which Roberts demonstrated a "good reason exists for taking the deposition." *Id.* To the contrary, this is a deposition taken in and offered by White in a prior civil proceeding which the state now attempts to use. Accordingly, Chapter 39 provides no basis for the state to use the civil deposition in this criminal prosecution.

The state contends that because the deposition was presented at the civil trial, it falls within rule 804 as former "testimony given ... at another hearing of ... a different proceeding." *See* TEX.R.CRIM.EVID. 804(b)(1). The Court of Criminal Appeals has allowed former testimony to be used in a subsequent criminal proceeding under certain limited circumstances. *See, e.g., Coffin v. State,* 885 S.W.2d 140 (Tex.Crim.App.1994) (former testimony from a hearing to determine if juvenile should be tried as an adult was admissible during punishment phase of subsequent trial as an adult because defendant had "similar" motive to cross-examine in both proceedings); *Jones v. State,* 843 S.W.2d 487 (Tex.Crim.App.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1858, 123 L.Ed.2d 479 (1993) (grand jury testimony of witness asserting Fifth Amendment privilege offered by defendant fell within former testimony exception to hearsay); *Bryan v. State,* 837 S.W.2d 637 (Tex.Crim.App.1992) (defendant's testimony from first trial was admissible at second trial because defendant was "unavailable" when he asserted his Fifth Amendment right against self-incrimination at second trial). In each of these instances, however, the prior proceeding was a pre-trial hearing leading up to a criminal prosecution or an actual criminal trial. *See id.* Thus, none of these decisions provide a basis to allow this civil deposition to be used in a subsequent criminal prosecution.

Depositions are frequently used in Texas civil trials. *See* TEX.R.CIV.EVID. 801(e)(3) (civil depositions taken in the same civil proceeding are excluded from hearsay). Thus, when the rules were adopted, the Court of Criminal Appeals could have provided a mechanism whereby a civil deposition could be used in a criminal prosecution. However, it only provided that depositions could be used as provided in Chapter 39. We are to construe the rules of evidence "to secure fairness in administration" and to promote

---

2. *See* OLIN GUY WELLBORN III, *Article VIII: Hearsay,* 30 HOUS.L.REV., 897, 1020 (1993); STEVEN GOODE ET AL., 2 TEXAS PRACTICE, *Guide to the Texas Rules of Evidence: Civil and Criminal* § 804.3 (1993).

growth and development of the law of evidence so that proceedings are justly determined. TEX.R.CRIM.EVID. 102. When rule 804 is read in its entirety, it is clear that depositions are only to be admitted at a criminal trial when chapter 39 is followed. Therefore, we hold that White's civil deposition is not admissible under rule 804 as former testimony because it is not admissible under chapter 39 of the code of criminal procedure.

Our holding is consistent with the rights protected by the Texas and U.S. Constitutions. The Texas Constitution provides that an accused will have the right to confront witnesses against him. TEX. CONST. art. I § 10. This right is similarly protected by the U.S. Constitution. *See* U.S. CONST. amend. VI. The Texas Constitution specifically provides that when a person is accused of anti-trust violations or a witness resides in another state, "the defendant and the State shall have the right to produce and have the evidence admitted by deposition, under such rules and laws as the Legislature may hereafter provide." Aside from these two exceptions included in the Texas Constitution, the right to confront witnesses generally prevents the state from using depositions against an accused. TEX. CONST. art. I § 10 interp. commentary (Vernon 1984).[3] The state was not given the right to request and take depositions under chapter 39 in a criminal proceeding because the State Bar Committee and the Legislature "had serious doubts about the constitutionality of such a move in view of the defendant's rights of confrontation and cross-examination." TEX. CODE CRIM.PROC.ANN. art. 39.02 special commentary (Vernon 1979) (special commentary by Retired Presiding Judge John F. Onion,

Jr.). Thus, constitutional concerns indicate that the trial court properly suppressed White's deposition.

In addition, our decision is consistent with at least one previous holding of the Court of Criminal Appeals. In *Raley v. State*, 548 S.W.2d 33 (Tex.Crim.App.1977),[4] the court indicated that a witness' earlier testimony in a case from a preliminary hearing or a former trial was admissible if the witness was unavailable and "the proper predicate be laid for its admission." The court stated that the proper predicate was "that the witness's testimony at the former trial or hearing was given under oath, that it was competent, that the accused was present and had adequate opportunity to cross-examine him through counsel, and *that the accused was the defendant at the former trial or hearing upon the same charge.*" *Id.* at 35 (emphasis added); *but see, Rajski*, 715 S.W.2d at 837 (citing *Boyd v. State*, 633 S.W.2d 578, 581 (Tex. App.—Texarkana 1982), *aff'd*, 643 S.W.2d 708 (Tex.Crim.App.1982)). The indicated predicate is essentially the same as what is currently required by rule 804 except the indicated predicate required that the accused also be the defendant in the former trial or hearing. *Cf.* TEX.R.CRIM.EVID. 804. When White's deposition was taken, Roberts had not been indicted and the record does not indicate that Roberts had any reason to know that a criminal prosecution was being considered. In fact, Roberts was not indicted until after the civil jury case was final. Therefore, under *Raley*, White's civil deposition was properly suppressed.

■ Our decision is also consistent with the Seventh Circuit's decision in *United States v. Feldman*, 761 F.2d 380 (7th Cir. 1985).[5] In reviewing a substantially similar

---

3. One example of an exception to the general rule indicated in the interpretive commentary is found in article 39.01. If several prerequisites are met, article 39.01 allows the state to use a deposition requested by the defendant if it was "taken before an examining trial or jury of inquest ... or taken at any prior trial of the defendant for the same offense." TEX.CODE CRIM.PROC. ANN. art. 39.01 (Vernon 1979).

4. *Raley* was authored by Commissioner Brown and approved by the Court of Criminal Appeals. *See Raley*, 548 S.W.2d at 37. An opinion written by a commissioner in aid of the Court of Crimi-

nal Appeals that was approved by the court is to be cited as if it were an opinion of the court. *See* TEXAS RULES OF FORM, § 5.3 (8th ed. 1992).

5. Decisions of the federal courts of appeals and district courts are not binding on this court. They are, however, received "with respectful consideration." *State v. Vasquez*, 889 S.W.2d 588, 591 (Tex.App.—Houston [14th Dist.] 1994, no pet.) (quoting *Denton v. Department of Pub. Safety Officers*, 862 S.W.2d 785, 791 n. 4 (Tex. App.—Austin 1993), *aff'd*, 897 S.W.2d 757 (Tex. 1995)).

case, the circuit court held that the government failed to show that it complied with federal rule of evidence 804. Therefore, the court held that a deposition taken at an earlier civil proceeding was not admissible under rule 804. *Id.* at 387. We have similarly found that the state has not complied with the requirements of rule 804 and chapter 39. In arriving at its holding, the circuit court noted that strategies for civil and criminal trials differ greatly and that "a criminal defendant's liberty is 'an interest of transcending value.'" *Feldman,* 761 F.2d at 385–86 (quoting *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970)). We believe that the Seventh Circuit's decision is well-reasoned and persuasive.

Finally, our interpretation of rule 804 is consistent with early decisions of the Supreme Court. In *Mattox v. United States,* 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895), the court determined that testimony presented by two witnesses for the government at Mattox's first trial could be used at Mattox's second trial for the same offense because the witnesses had died since the first trial. The court allowed a copy of the court reporter's stenographic notes to be read into evidence. The notes were supported by testimony that they were correct and the witnesses were present and "fully examined and cross-examined [in] the former trial." *Id.* at 240, 15 S.Ct. at 338. The court reviewed earlier U.S. and English law and determined that:

> The primary object of the [confrontation clause] was to prevent depositions or ex parte affidavits, such **as were sometimes admitted in civil cases**, being used against the prisoner in lieu of a personal examination and cross-examination of the witness.

*Id.,* at 242, 15 S.Ct. at 339 (emphasis added). Thus, the basis for the former testimony rule also indicates that civil depositions should not be admitted in a subsequent criminal proceeding.

In summary, we hold that rule 804 requires that a party comply with chapter 39 of the code of criminal procedure before it may use a deposition in criminal proceedings. We further hold that White's deposition was not taken in compliance with either of the methods indicated in chapter 39 of the code of criminal procedure. We, therefore, overrule the state's sole point of error and affirm the judgment of the trial court.