Trenda Loue **KEMMERER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–02–00124–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 10, 2003.

Douglas M. O'Brien, Houston, for Appellant.

Eric Kugler, Asst. Dist. Atty. of Harris County, William J. Delmore, III, Chief Prosecutor, Appellate Division, Charles A. Rosenthal, Jr., Dist. Atty., Harris County, Houston, for Appellee.

Panel consists of Chief Justice RADACK and Justices TIM TAFT and JENNINGS.

## OPINION

TIM TAFT, Justice.

A jury convicted appellant, Trenda Loue Kemmerer, of felony murder and assessed punishment at 55 years in prison.[1]  *See* TEX. PEN.CODE ANN. § 19.02(b)(3) (Vernon 2003).  We determine (1) whether the evidence is factually sufficient to prove that appellant intentionally and knowingly caused bodily injury that resulted in death and (2) whether the trial court erred in admitting excerpts against appellant from appellant's videotaped deposition taken during prior civil litigation.  We affirm.

### Facts

Appellant babysat Laura Dew's daughter, Christina, each day while Dew was at work.  On the morning of September 2, 1997, Dew left Christina at appellant's

---

**1.** The underlying felony was intentionally or knowingly causing bodily injury to a child 14 years of age or younger.  *See* TEX. PEN.CODE ANN. § 22.04(a)(1), (c)(1), (e) (Vernon 2003).

home, where there were two other small children. Within the hour, appellant called Dew to say that Christina was having difficulty breathing and that paramedics had been called. The paramedics arrived and took Christina to the hospital. The hospital staff determined, as the paramedics had suspected, that Christina had sustained a severe, closed-head injury. Christina died from brain swelling early the next day.

### Factual Sufficiency of the Evidence

[1] In issue one, appellant contends that the evidence is factually insufficient to show that she intentionally or knowingly caused bodily injury to Christina.

■■■ When determining the factual sufficiency of the evidence, we review all of the evidence neutrally. *Johnson v. State,* 23 S.W.3d 1, 7 (Tex.Crim.App.2000). When the State bears the burden of proof, the proof of guilt is factually insufficient if it is so obviously weak as to indicate that a manifest injustice has occurred or if it is greatly outweighed by contrary proof. *Zuliani v. State,* 97 S.W.3d 589, 593–94 (Tex.Crim.App.2003). The fact finder is the sole judge of the weight and credibility of witness testimony. *Johnson,* 23 S.W.3d at 7. In our review, we must consider the most important evidence that the appellant claims undermines the jury's verdict. *Sims v. State,* 99 S.W.3d 600, 603 (Tex. Crim.App.2003).

Appellant argues that the evidence showing that she injured Christina is factually insufficient because (1) Dew contradicted herself about whether she had left Christina under Dew's 15–year–old son's supervision for five minutes before dropping Christina at appellant's home; (2) the 15–year–old son could have injured Christina by bouncing her upon a bed in a forceful manner before she was even left with appellant; (3) the prosecution thus did not prove that the injury occurred while Christina was in appellant's sole custody; and (4) there were allegedly no bruises on Christina.[2]

The fact finder is the sole judge of the weight and credibility of witness testimony. *Johnson,* 23 S.W.3d at 7. Therefore, Dew's conflicting statements were for the jury to assess. *See id.* Second, the State put forth medical evidence that Christina would have become unconscious immediately after having sustained her injuries and could not have walked, stood, sat, played, held onto anyone, or cried voluntarily afterwards; nonetheless, there was evidence, most notably from appellant's own statements, that Christina did at least some of these things before, as, and after she was dropped off with appellant. There was also evidence that Christina's extensive injuries must have been caused by a forceful blow or by severe shaking, rather than by a mere fall from a sofa to a carpeted floor, as some of appellant's statements had suggested. This is circumstantial evidence that appellant inflicted the injuries after Christina was left in appellant's care. *Cf. Childs v. State,* 837 S.W.2d 822, 823–24 (Tex.App.-San Antonio 1992, pet. ref'd) (holding that circumstantial evidence that child's injury could not have come from fall to floor, that defendant was only one in custody who could have delivered sufficient blow to cause injuries, and that child would have stopped breathing in matter of minutes was legally

---

**2.** A significant portion of appellant's argument is also based on an offense report that was never entered into evidence and upon lie-detector results mentioned within that report. We must review the factual sufficiency of the evidence from the same perspective as did the jurors and, therefore, cannot consider materials that were not admitted at trial. *Miles v. State,* 918 S.W.2d 511, 512 (Tex.Crim.App. 1996).

sufficient to affirm trial court's ruling). Furthermore, the jury could have viewed appellant's changing versions of the incident as evidence of guilt.[3] That Christina had previously been alone with her brother for a few minutes does not greatly outweigh the State's evidence implicating appellant as the sole assailant or render the verdict manifestly unjust. To the extent that appellant's challenge is based on the absence of bruises on Christina,[4] the State presented evidence that there were several bruises on Christina's head and body. Moreover, regardless of the amount of bruising, the State presented ample evidence that a severe and widespread head injury, caused by great force, had occurred. The jury was free to believe the State's evidence and to discount contrary evidence.

We thus hold that the evidence upon which appellant relies does not render the remaining evidence factually insufficient.

We overrule issue one.

## Admission of Appellant's Civil–Deposition Testimony in Her Criminal Trial

■ In issue two, appellant argues that the trial court erred in admitting, at the State's request, a redacted version of her videotaped deposition taken during prior civil litigation.[5] We construe appellant's argument to be that civil depositions may not be used in criminal trials unless they were taken in accordance with chapter 39 of the Texas Code of Criminal Procedure. *See* Tex.Code Crim. Proc. Ann. arts. 39.01–.13 (Vernon 1979). Because appellant's de-

3. For example, just after Christina showed signs of injury, appellant told her neighbor that Christina had been "fussy" when she was dropped off, was "screaming" when appellant left Christina momentarily, and was "just lying there" when appellant returned. In a 9–1–1 call, appellant explained that Christina "was fine. She was playing.... I ran to get some wipes. I don't know she's started standing up on the couch and I had a lot of toys around. And there was another child around. I don't know if he pushed her or what happened. But when [appellant] came back [from another room], she was laying [sic] on the floor." Appellant told an investigating deputy soon afterwards that Christina was crying when she arrived; that appellant left Christina on the floor and left the room momentarily; and that, when Christina stopped crying, appellant came back to find Christina lying unresponsive on the floor. In a written statement made a few days later, appellant stated that Christina "was not real active" when she arrived; that Christina held onto Dew, then walked, sat down, and began "crying very loudly"; that, when appellant left the room momentarily, Christina stopped screaming; and that, when appellant returned, she saw Christina gasping for air. In a civil deposition taken almost two years after the incident, appellant testified that, upon arrival, Christina was silently lying on Dew's shoulder with blank, open eyes; Christina "scream[ed] hysterically" as if hurt, but did not move her body, seemed "tired," and was not "fine"; appellant then stood Christina on the floor by the couch, and Christina laid her head on the couch, still crying hysterically; appellant turned away briefly, and, when she turned back, Christina was lying on her back on the floor after an apparent fall, still screaming; Christina continued screaming while appellant left the room again momentarily; while appellant was gone, Christina stopped crying; when appellant returned, she found Christina lying on the ground, with her eyes rolled back and with difficulty breathing. In addition, appellant told one person that Christina was "sick," told another that Christina had died of a brain aneurism, and told still another person that Christina had died of pneumonia.

4. A neighbor and an investigating deputy had not observed bruises or marks on Christina the morning of the incident.

5. The deposition was taken in what appears to have been a wrongful-death suit filed by the representatives of Christina and another child against appellant. At the time of the deposition, appellant was being investigated, but had not yet been informed of the criminal investigation.

position was not taken in compliance with chapter 39, appellant contends that it should have been excluded.

■ We review a ruling admitting evidence for abuse of discretion. *See Powell v. State,* 63 S.W.3d 435, 438 (Tex.Crim. App.2001).

Shortly before closing its case-in-chief, the State offered a redacted copy of appellant's videotaped deposition from the civil litigation.[6] The State appears to have offered the videotape to show how appellant's story had changed over time. The trial court overruled appellant's objections, admitted the redacted videotape, and allowed it to be published to the jury.

The language of the applicable articles of chapter 39 indicates that they govern the taking of depositions in criminal cases and the use of those depositions in criminal proceedings. *See* Tex.Code Crim. Proc. Ann. arts. 39.01–.13. Nowhere does Chapter 39 discuss the taking of depositions in civil cases, and the chapter's language does not appear to concern the admissibility in criminal cases of depositions taken in civil proceedings. *See id.,* arts. 39.01, 39.12.

■ However, Rule of Evidence 804(b)(1) incorporates chapter 39 by reference. *See* Tex.R. Evid. 804(b)(1). Rule 804(b)(1) creates certain exceptions, applicable when a person who gave prior testimony is unavailable, to the rule excluding hearsay. *See id.* The criteria to establish that hearsay exception differs depending on whether the deposition is used in a civil or criminal proceeding:

> In civil cases, testimony given at another hearing of the same or a different proceeding, or in a deposition taken in the course of another proceeding. If the party against whom the testimony is now offered, or a person with a similar interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. In criminal cases, testimony given at another hearing of the same or a different proceeding, if the party against whom the testimony is now offered had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. *In criminal cases, the use of depositions is controlled by Chapter 39 of the Code of Criminal Procedure.*

*Id.* (emphasis added). The word "depositions" in the italicized portion of rule 804(b)(1) is not limited to depositions taken in criminal proceedings and has been interpreted to include depositions taken in civil proceedings and offered in criminal trials. *See State v. Roberts,* 909 S.W.2d 110, 112–13 (Tex.App.-Houston [14th Dist.] 1995), *vacated on other grounds,* 940 S.W.2d 655 (Tex.Crim.App.1996); *see also Rajski v. State,* 715 S.W.2d 832, 837 (Tex. App.-Houston [14th Dist.] 1986, no pet.).

Appellant appears to interpret rule 804(b)(1) to require that any civil deposition, including one that is not itself hearsay, must meet all of chapter 39's requirements before it can be used in a criminal proceeding. In contrast, the State interprets rule 804(b)(1) to require civil that depositions used in criminal cases meet chapter 39's requirements only within the context of the former-testimony exception to hearsay, that is, only when the deposition testimony is itself hearsay. We hold that chapter 39 did not apply to appellant's own civil-deposition testimony when used against her at her criminal trial because that testimony was not hearsay.

A statement is not hearsay if it is offered against a party and is the party's own statement. Tex.R. Evid. 801(e)(2)(A). Appellant's civil deposition was thus not hearsay when offered against her. *See id.*

---

**6.** References to extraneous offenses had been redacted from the deposition testimony.

Chapter 39 applies to the use of civil-deposition testimony in criminal proceedings only through rule 804(b)(1). Rule 804(b)(1) establishes an exception to the hearsay exclusionary rule. *See id.* If the declarant's statement is not hearsay, then no hearsay exception is needed to admit the statement, and rule 804(b)(1) is irrelevant. In such a situation, chapter 39 is also irrelevant. That is the situation with the use of appellant's own deposition in this case. Accordingly, appellant's deposition need not have comported with chapter 39 to be admissible against her at her criminal trial. *Compare Roberts,* 909 S.W.2d at 112–13.[7]

We distinguish *State v. Roberts,* on which appellant relies, because that case concerned the civil-deposition testimony of the deceased complainant, which testimony was hearsay. *See id.* at 113 (analyzing chapter 39 in conjunction with hearsay exception of rule 804(b)(1)); *see also* Tex.R. Evid. 801(d). That is not the situation here.

We thus hold that the trial court did not abuse its discretion in admitting the redacted copy of appellant's civil-deposition testimony.

We overrule issue two.

### Conclusion

We affirm the judgment of the trial court.

---

**7.** *Compare also Rajski v. State,* 715 S.W.2d 832, 837–38 (Tex.App.-Houston [14th Dist.] 1986, no pet.) (upholding exclusion of unavailable co-defendant's civil-deposition testimony offered by defendant because neither defendant nor State were present at deposition, deposition was thus taken contrary to common-law admissibility rules, and deposition was not taken in accordance with chapter 39), *overruled on other grounds, Rutledge v. State,* 749 S.W.2d 50 (Tex.Crim.App.1988); *Luckie v. State,* 33 Tex.Crim. 562, 28 S.W. 533, 534 (1894) (holding that excluding civil deposition of third party, offered by defendant, was not error, when defendant's motion for continuance to depose same third party in criminal trial had already been refused and when State had not been present at civil deposition).