Opinion issued July 10, 2003











In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00124-CR




 TRENDA LOUE KEMMERER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
 Harris County, Texas
Trial Court Cause No. 884941




O P I N I O N

          A jury convicted appellant, Trenda Loue Kemmerer, of felony murder and
assessed punishment at 55 years in prison.


 See Tex. Pen. Code Ann. § 19.02(b)(3)
(Vernon 2003). We determine (1) whether the evidence is factually sufficient to
prove that appellant intentionally and knowingly caused bodily injury that resulted
in death and (2) whether the trial court erred in admitting excerpts against appellant
from appellant’s videotaped deposition taken during prior civil litigation. We affirm.
Facts
          Appellant babysat Laura Dew’s daughter, Christina, each day while Dew was
at work. On the morning of September 2, 1997, Dew left Christina at appellant’s
home, where there were two other small children. Within the hour, appellant called
Dew to say that Christina was having difficulty breathing and that paramedics had
been called. The paramedics arrived and took Christina to the hospital. The hospital
staff determined, as the paramedics had suspected, that Christina had sustained a
severe, closed-head injury. Christina died from brain swelling early the next day.Factual Sufficiency of the Evidence
          In issue one, appellant contends that the evidence is factually insufficient to
show that she intentionally or knowingly caused bodily injury to Christina.
          When determining the factual sufficiency of the evidence, we review all of the 
evidence neutrally. Johnson v. State, 23 S.W. 3d 1, 7 (Tex. Crim. App. 2000). When
the State bears the burden of proof, the proof of guilt is factually insufficient if it is
so obviously weak as to indicate that a manifest injustice has occurred or if it is
greatly outweighed by contrary proof. Zuliani v. State, 97 S.W. 3d 589, 593-94 (Tex.
Crim. App. 2003). The fact finder is the sole judge of the weight and credibility of
witness testimony. Johnson, 23 S.W.3d at 7. In our review, we must consider the
most important evidence that the appellant claims undermines the jury’s verdict. Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
          Appellant argues that the evidence showing that she injured Christina is
factually insufficient because (1) Dew contradicted herself about whether she had left
Christina under Dew’s 15-year-old son’s supervision for five minutes before dropping
Christina at appellant’s home; (2) the 15-year-old son could have injured Christina
by bouncing her upon a bed in a forceful manner before she was even left with
appellant; (3) the prosecution thus did not prove that the injury occurred while
Christina was in appellant’s sole custody; and (4) there were allegedly no bruises on
Christina.



 
          The fact finder is the sole judge of the weight and credibility of witness
testimony. Johnson, 23 S.W.3d at 7. Therefore, Dew’s conflicting statements were
for the jury to assess. See id. Second, the State put forth medical evidence that
Christina would have become unconscious immediately after having sustained her
injuries and could not have walked, stood, sat, played, held onto anyone, or cried
voluntarily afterwards; nonetheless, there was evidence, most notably from
appellant’s own statements, that Christina did at least some of these things before, as,
and after she was dropped off with appellant. There was also evidence that
Christina’s extensive injuries must have been caused by a forceful blow or by severe
shaking, rather than by a mere fall from a sofa to a carpeted floor, as some of
appellant’s statements had suggested. This is circumstantial evidence that appellant
inflicted the injuries after Christina was left in appellant’s care. Cf. Childs v. State,
837 S.W.2d 822, 823-24 (Tex. App.—San Antonio 1992, pet. ref’d) (holding that
circumstantial evidence that child’s injury could not have come from fall to floor, that
defendant was only one in custody who could have delivered sufficient blow to cause
injuries, and that child would have stopped breathing in matter of minutes was legally
sufficient to affirm trial court’s ruling). Furthermore, the jury could have viewed
appellant’s changing versions of the incident as evidence of guilt.


 That Christina had
previously been alone with her brother for a few minutes does not greatly outweigh
the State’s evidence implicating appellant as the sole assailant or render the verdict
manifestly unjust. To the extent that appellant’s challenge is based on the absence
of bruises on Christina,


 the State presented evidence that there were several bruises
on Christina’s head and body. Moreover, regardless of the amount of bruising, the
State presented ample evidence that a severe and widespread head injury, caused by
great force, had occurred. The jury was free to believe the State’s evidence and to
discount contrary evidence. 
          We thus hold that the evidence upon which appellant relies does not render the
remaining evidence factually insufficient. 
          We overrule issue one. 
 Admission of Appellant’s Civil-Deposition Testimony in Her Criminal Trial
          In issue two, appellant argues that the trial court erred in admitting, at the
State’s request, a redacted version of her videotaped deposition taken during prior
civil litigation.


 We construe appellant’s argument to be that civil depositions may
not be used in criminal trials unless they were taken in accordance with chapter 39
of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. arts.
39.01-.13 (Vernon 1979). Because appellant’s deposition was not taken in
compliance with chapter 39, appellant contends that it should have been excluded.
           We review a ruling admitting evidence for abuse of discretion. See Powell v.
State, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001).
          Shortly before closing its case-in-chief, the State offered a redacted copy of
appellant’s videotaped deposition from the civil litigation.


 The State appears to have
offered the videotape to show how appellant’s story had changed over time. The trial
court overruled appellant’s objections, admitted the redacted videotape, and allowed
it to be published to the jury.
          The language of the applicable articles of chapter 39 indicates that they govern
the taking of depositions in criminal cases and the use of those depositions in criminal
proceedings. See Tex. Code Crim. Proc. Ann. arts. 39.01-.13. Nowhere does
Chapter 39 discuss the taking of depositions in civil cases, and the chapter’s language
does not appear to concern the admissibility in criminal cases of depositions taken in
civil proceedings. See id., arts. 39.01, 39.12.
          However, Rule of Evidence 804(b)(1) incorporates chapter 39 by reference. 
See Tex. R. Evid. 804(b)(1). Rule 804(b)(1) creates certain exceptions, applicable
when a person who gave prior testimony is unavailable, to the rule excluding hearsay. 
See id. The criteria to establish that hearsay exception differs depending on whether
the deposition is used in a civil or criminal proceeding:
In civil cases, testimony given at another hearing of the same or a
different proceeding, or in a deposition taken in the course of another
proceeding. If the party against whom the testimony is now offered, or
a person with a similar interest, had an opportunity and similar motive
to develop the testimony by direct, cross, or redirect examination. In
criminal cases, testimony given at another hearing of the same or a
different proceeding, if the party against whom the testimony is now
offered had an opportunity and similar motive to develop the testimony
by direct, cross, or redirect examination. In criminal cases, the use of
depositions is controlled by Chapter 39 of the Code of Criminal
Procedure.

Id. (emphasis added). The word “depositions” in the italicized portion of rule
804(b)(1) is not limited to depositions taken in criminal proceedings and has been
interpreted to include depositions taken in civil proceedings and offered in criminal
trials. See State v. Roberts, 909 S.W.2d 110, 112-13 (Tex. App.—Houston [14th 
Dist.] 1995), vacated on other grounds, 940 S.W.2d 655 (Tex. Crim. App. 1996); see
also Rajski v. State, 715 S.W.2d 832, 837 (Tex. App.—Houston [14th Dist.] 1986, no
pet.).
          Appellant appears to interpret rule 804(b)(1) to require that any civil
deposition, including one that is not itself hearsay, must meet all of chapter 39’s
requirements before it can be used in a criminal proceeding. In contrast, the State
interprets rule 804(b)(1) to require civil that depositions used in criminal cases meet
chapter 39’s requirements only within the context of the former-testimony exception
to hearsay, that is, only when the deposition testimony is itself hearsay. We hold that
chapter 39 did not apply to appellant’s own civil-deposition testimony when used
against her at her criminal trial because that testimony was not hearsay.
          A statement is not hearsay if it is offered against a party and is the party’s own
statement. Tex. R. Evid. 801(e)(2)(A). Appellant’s civil deposition was thus not
hearsay when offered against her. See id. Chapter 39 applies to the use of civil-deposition testimony in criminal proceedings only through rule 804(b)(1). Rule
804(b)(1) establishes an exception to the hearsay exclusionary rule. See id. If the
declarant’s statement is not hearsay, then no hearsay exception is needed to admit the
statement, and rule 804(b)(1) is irrelevant. In such a situation, chapter 39 is also
irrelevant. That is the situation with the use of appellant’s own deposition in this case. 
Accordingly, appellant’s deposition need not have comported with chapter 39 to be
admissible against her at her criminal trial. Compare Roberts, 909 S.W.2d at 112-13.



          We distinguish State v. Roberts, on which appellant relies, because that case
concerned the civil-deposition testimony of the deceased complainant, which
testimony was hearsay. See id. at 113 (analyzing chapter 39 in conjunction with
hearsay exception of rule 804(b)(1)); see also Tex. R. Evid. 801(d). That is not the
situation here.
          We thus hold that the trial court did not abuse its discretion in admitting the
redacted copy of appellant’s civil-deposition testimony.
          We overrule issue two.
Conclusion
          We affirm the judgment of the trial court.
 


                                                             Tim Taft
                                                             Justice

Panel consists of Chief Justice Radack and Justices Taft and Jennings.
Publish. See Tex. R. App. P. 47.2(b).