GEORGE RODRIGUEZ v. THE STATE.

No. 18185. Delivered April 29, 1936.
Rehearing Denied May 27, 1936.

The opinion states the case.

*J. Q. Henry,* of Mission, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for burglary, punishment assessed at three years in the penitentiary. Appellant had been heretofore convicted upon this same charge under a

defective indictment, which made it necessary to reverse such judgment of conviction. See Rodriguez v. State, 80 S. W. (2d) 988.

Bill of exception number three shows that upon the present trial the State proved by F. G. Garza—who was appellant's attorney upon the former trial—that upon this identical charge of the burglary of E. A. Chadwick's house appellant upon the former trial entered a plea of guilty in open court after the trial judge had admonished him, and appellant then said he was entering the plea of his own free will and accord. Appellant objected to such proof on the grounds: (a) that the former plea of guilty was not a confession, (b) that it was an effort to use the proceeding upon a former trial under an invalid indictment, and (c) that it had reference to the conviction of appellant at a former trial. We discover no error in admitting proof of the former plea of guilty. It has been held permissible to prove a plea of guilt to theft upon a trial for burglary where the theft resulted from the burglary. Johnson v. State, 39 Texas Crim. Rep., 625, 48 S. W., 70; Beason v. State, 43 Texas Crim. Rep., 442, 67 S. W., 96. It is also permissible to prove against an accused what he had testified upon a former trial of his own case, or as a witness upon the trial of another, if the evidence then given is pertinent upon the present inquiry. Preston v. State, 41 Texas Crim. Rep., 300; Collins v. State, 39 Texas Crim. Rep., 441, 46 S. W., 933; Mitchell v. State, 109 Texas Crim. Rep., 643, 6 S. W. (2d) 753; Jones v. State, 64 Texas Crim. Rep., 510, 143 S. W., 621. The former plea of guilty was an admission of guilt in the course of a judicial proceeding provable as such admission upon the present trial. Appellant urges that proving the former plea of guilty was a violation of Art. 759, C. C. P., which provides that a former conviction shall be regarded as no presumption of guilt, nor shall it be alluded to in the argument. The statute was passed to guard appellant against the use by the State of his former conviction as evidence of his guilt upon a subsequent trial. Baines v. State, 43 Texas Crim. Rep., 490, 66 S. W., 847; Wyatt v. State, 58 Texas Crim. Rep., 115, 124 S. W., 929. It is apparent from an examination of the cases mentioned and others to which we are cited by appellant that the purpose in those cases of proving the former conviction was to secure the subsequent one. No reference was made to the result of appellant's former trial, but the proof was limited to showing appellant's admission upon the former trial without regard to the result. We think no infringement upon Article

759, C. C. P., is shown. We fail to see why the admission of guilt should be excluded upon this trial because the former indictment happened to be defective in some particular. Furthermore, appellant took the witness stand and admitted entering his plea of guilty at a former trial, and thus waived any point upon objecting to Garza's testimony to the same effect. Wagner v. State, 53 Texas Criminal Rep., 306, 109 S. W., 169; McLaughlin v. State, 109 Texas Crim. Rep., 307, 4 S. W. (2d) 54; Machado v. State, 112 Texas Crim. Rep., 538, 17 S. W. (2d) 1060; Schaefer v. State, 53 S. W. (2d) 302.

E. A. Chadwick was a machinist. On the night of August 18, 1934, his machine shop was broken into. What he described as a "special electric drill,"—a screw driver and another drill,—were taken. The special electric drill was used particularly in opening safes. He testified that about a year previous to the burglary here complained of someone had broken into the Palace Theater in McAllen and had knocked the knobs and dial off the safe there, and that witness had used the electric drill to open said safe. At the time of this occurrence appellant was an employee at said theater. Bill number one complains that the State was permitted to ask Chadwick if appellant manifested any unusual interest in watching witness use the drill in opening said safe. The bill recites that the witness in answering the question said that "he (the witness) was pretty busy and that his (the witness') interest was in opening the safe." Appellant urges that the question asked was calculated to impress the jury with the idea that he had some connection with the "knob-knocking" of the safe. Such position is untenable, especially in view of Chadwick's evidence on the point mentioned. He testified that appellant watched witness using the drill in opening the safe, but would not say he manifested any more interest than others standing around; that appellant was at his place of business and was in and around the place like any other employee.

Appellant complains of the admission of the testimony of T. S. Bryan who was Chief of Police in the town of McAllen at the time of the burglary in question. This bill can not be properly appraised without an understanding of the manner in which the case against appellant was developed. There was picked up under the window where the burglarious entry was made a paper written in Spanish with appellant's name signed to it. This paper was a vaccination certificate which it was necessary for a party to have for presentation to the Customs Officers in passing between this country and Mexico. Mr.

Bryan gave this paper to George Dennett who was a deputy sheriff. Dennett inquired of appellant in regard to the health certificate and appellant claimed to then have it in his pocket. Appellant was placed in jail. Another boy by the name of Joe Rodriguez—not related to appellant, but who lived at the same house—was also taken to jail. In a conversation among the two Rodriguez boys and Dennett at the jail Joe said he did not know where the large drill was, and appellant told Dennett and Joe it was under the house at the southeast corner, and told Joe to go get the property and turn it over to the officers, which he did. As a result of this information the stolen property was recovered and returned to Mr. Chadwick. Without objection evidence was given by Mr. Dennett in substance as heretofore related. Mr. Bryan gave testimony to the same effect; appellant objecting thereto on the grounds that appellant was not present at the time the stolen property was found; that it was not found upon information given officers by appellant, and that the officers had no search warrant authorizing them to search the premises where the property was secreted. It is not necessary to discuss the various objections urged. It plainly appears from the testimony of Mr. Dennett that the property was found as a result of information given to him by appellant, and that Joe Rodriguez went under the house at directions given him by appellant and brought out the large drill from where appellant said it was.

Appellant testifying in his own behalf denied any connection with the burglary. He testified that he had been in court in connection with the transaction once before, and in his testimony in chief admitted that he had entered a plea of guilty at that time, but evidently in an effort to break the effect of such plea, testified that he had plead guilty because his attorney, Mr. Garza, had told appellant the case was a hard one and that he (Mr. Garza) had had experience in such cases and that the best thing for appellant to do was to plead guilty and get a suspended sentence. He testified further that he had told Mr. Garza that officer Dennett had made threats against him; that attorney Garza told him not to make the judge mad, that if he did so he would not give him a suspended sentence. Thereafter the State recalled Mr. Garza who testified over appellant's objection that he had not advised appellant to plead guilty at the former trial and did not tell him if he would plead guilty he would get him a suspended sentence. Mr. Garza further testified:

"I did tell him if he wanted me to stay in the case and

represent him I would do it on condition that he enter a plea of guilty; otherwise, I asked his permission to withdraw from the case."

Garza testified further that appellant never told him that Dennett had abused and threatened him; that he had never heard of that matter until the day of the present trial. When Garza was offered as a witness by the State appellant objected on the ground that to permit him to testify would be violative of Art. 713, C. C. P., which is an inhibition against an attorney at law to "disclose a communication made to him by his client during the existence of that relation, nor disclose any other fact which came to the knowledge of such attorney by reason of such relationship." The trial judge overruled the objection and the complaint of such ruling is brought forward in bill of exception number four. The bill is qualified with the statement that the trial judge entertained the view that appellant had taken the witness stand and testified himself as to such communications and had thereby waived the confidential character of such communications, and the testimony complained of was admitted in rebuttal of defendant's own version of the conversation with his former attorney. It is well established that a defendant may waive the right secured to him by said Art. 713. See Walker v. State, 19 Texas App., 176. There has been some difference of opinion as to the manner in which such waiver may be brought about. The rule is stated in 28 R. C. L., Sec. 171, as follows:

"However, if the client voluntarily introduces testimony relating to such communications, his privilege cannot thereafter be asserted. Thus where he voluntarily testifies, as a witness, to confidential communications made by him to his attorney, he thereby waives the privileged character of such communications, and he and his attorney may then be fully examined in relation thereto. Any other rule would subject the lawyer to any kind of scurrilous and unjust attack, and convert the statute from being a mere shield into a weapon of offense."

Many cases will be found cited in support of the text just quoted, among them being People v. Gerold, 265 Ill., 448, 107 N. E., 165; Am. & Eng. Ann. Cases, 1916-A, page 636. The same principle as announced in Ruling Case Law (supra) is also found in Section 293 of Underhill's Criminal Evidence, 3d Edition, with numerous authorities there cited in support of the text. In Brown v. State, 9 Okla. Cr., 382, 132 Pac., 359, in discussing a statute very similar to Article 713 of our Code of Criminal Procedure, it is said the rule against an attorney

testifying in regard to communications between himself and his client, like all other rules, is subject to exceptions. The opinion then proceeds:

" * * * It is based upon reason, and, when the reason underlying a rule ceases to exist, the rule is no longer enforced. In the case at bar the appellant in her testimony went fully into the matter as to what transpired between her attorney and herself and gave her version of the affair. She based her defense in part upon what she claimed had passed between herself and her attorney. Manifest reason and justice then required that the state should be permitted to prove just what did pass between appellant and her attorney. Her testimony entirely removed the bond of secrecy as to what passed between her counsel and herself touching this matter and operated as a consent upon her part to the testimony of her said counsel. The reason for this and the authorities on the question are conclusive. * * * As appellant introduced this question into the trial and attempted to defend herself upon alleged advice given her by her counsel, it would violate the reason and principle of the rule to prohibit the state from introducing the testimony of the attorney as to what did pass between them. We therefore hold that the court did not err in admitting the evidence complained of."

The reasoning of the Criminal Court of Appeals of Oklahoma in the Brown case applies with exactness to the situation we find in the present record. Appellant had testified, attempting to explain away the effect of his former plea of guilty upon the alleged advice of his counsel. It was therefore proper to permit the State to introduce testimony of said counsel as to his version of the conversation. As to a further statement of the general rule with reference to waiver of the privilege under consideration see Wigmore on Evidence, Vol. 4, Sec. 2327, and authorities there cited.

Finding no errors in the record upon which a reversal may properly be predicated, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—An examination of the motion for rehearing leads to the conclusion that the matters discussed therein are in substance the same as those which were passed upon on the original hearing. The members of the court are in accord to the effect that upon the record presented

on the original hearing the proper disposition of the case was made.

The motion for rehearing is overruled.

*Overruled.*