DARRELL DEAN DONAHOO V. STATE.

No. 30,736. May 13, 1959.

No attorney for appellant of record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is robbery; the punishment, 5 years.

This case is an outgrowth of Ex parte Donahoo, 166 Cr. Rep. 625, 317 S.W. 2d 744. There, we ordered this appellant released from confinement in the penitentiary and delivered to the sheriff of Dallam County to answer to this indictment.

On the present trial, it was shown that the injured party had died since the original trial and that at such trial he had identified the appellant as the person who had entered the filling station where he was employed and had at gun point taken the money from the cash register.

Appellant, testifying in his own behalf, denied that he had robbed the filling station, stated that he had been drinking on the night in question and that his companion had parked the automobile in which they were riding near the station and had absented himself for a time. In answer to questions from his own counsel, appellant admitted that he had entered a plea of guilty at the former trial but subsequently had withdrawn such plea.

The jury resolved this conflict in the evidence against the appellant, and we find the evidence sufficient to sustain the conviction.

No brief has been filed, and no formal bills of exception appear in the record. We do find, however, that the appellant complained that the state was permitted to prove that at the former trial the appellant had entered a plea of guilty. Rodriguez v. State, 130 Texas Cr. Rep. 438, 94 S.W. 2d 476, is on all fours with the case at bar. There, the accused testified that he had plead guilty at a former trial, and this court held that such act constituted a waiver of any claimed error.

Finding no reversible error, the judgment of the trial court is affirmed.