Daniel Robert CHILDS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 04–91–00126–CR.

Court of Appeals of Texas, San Antonio.

Aug. 31, 1992.

Discretionary Review Refused Dec. 23, 1992.

Hal Pickett, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., Carol Wilder, Diana Cruz, and Edward F. Shaughnessy, III, Asst. Crim. Dist. Attys., San Antonio, for appellee.

Before REEVES, C.J., and BUTTS and GARCIA, JJ.

## OPINION

GARCIA, Justice.

This is an appeal from a conviction of murder with a sentence of 99 years' confinement. Trial was to a jury. We reverse the conviction and remand the cause to the trial court for a new trial.

Appellant, Daniel Robert Childs, Jr., pleaded guilty to the murder of Roman Jamal Pitts, his stepson, at Childs' original trial in 1989. This court reversed that proceeding because the trial court failed to admonish Childs on the range of punishment.[1] At the new trial in 1991, Childs pleaded not guilty and trial proceeded before a jury. At this second trial, the State submitted evidence, over defense objections, that Childs had pleaded guilty at the first trial. On appeal, Childs complains that the evidence is insufficient to negate a reasonable hypothesis other than his guilt

---

[1] *Childs v. State*, No. 04–89–00502–CR (Tex. App.—San Antonio, June 20, 1990, no pet.) (not to be published).

and that the trial court erred in admitting in evidence the prior guilty plea. We shall consider first his evidentiary point and then his prior plea.

■ This is a circumstantial evidence case. The standard of review in such a case is the same as in any other case. We must view "the evidence in the light most favorable to the verdict" and determine whether "*any* rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Matson v. State*, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991). A finding of guilt beyond a reasonable doubt in light of evidence supporting a reasonable inference other than appellant's guilt is not rational and will not be upheld. *Stoker v. State*, 788 S.W.2d 1, 6 (Tex.Crim. App.1989), *cert. denied*, — U.S. —, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990); *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex.Crim. App.1983), *overruled sub nom. Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991) (abrogating reasonable hypothesis review for cases tried after November 6, 1991).[2] While not every circumstance must be excluded to a moral certainty, the evidence must show that any hypothesis other than defendant's guilt is a reasonable one that is consistent with the circumstances and facts proved. *Matson v. State*, 819 S.W.2d at 843 n. 2; *Stoker v. State*, 788 S.W.2d at 6; *Carlsen v. State*, 654 S.W.2d at 449–50. We will not weigh the evidence, that is for the finders of fact, and their verdict will stand unless it is irrational or not supported by the evidence. Inconsistencies in the evidence will be resolved in favor of the verdict. *Matson v. State*, 819 S.W.2d at 843.

■ Daniel Childs was indicted for the murder of Roman Jamal Pitts, a sixteen month old male. The indictment alleged that Childs caused the death of the baby by striking the child's head with an object or objects unknown. The State offered, among other witnesses, medical testimony from the emergency room physician at Southwest Methodist Hospital and the Be-

xar County Medical Examiner. Hospital records were also introduced.

Daniel Childs was the sole caretaker of Roman on May 26, 1988. Only Roman and his five year old half-brother, Kolee, were in the apartment with Childs. Childs told a Texas Department of Human Resources investigator that Roman was on the couch while Childs was preparing lunch. Roman raised his arm and was flailing it. He was unable to breathe. Childs attempted to perform cardiopulmonary resuscitation (CPR) on Roman and called EMS (the emergency medical services division of the fire department).

When EMS arrived, Roman had no pulse and was not breathing. EMS performed CPR on Roman and took him to NE Baptist Hospital from where he was then transferred to Southwest Methodist Hospital. On arriving at Methodist Hospital, Roman was comatose, suffered agonal breathing (or taking the last breath of one's life), had a temperature of 92°, had no heart rate and no respiratory effort, and had fixed pupils. He exhibited the symptoms of a person who was brain dead.

Roman had six fractures to his left ribs: five were at least two days old and one was less than two days old. These fractures were not caused by CPR efforts, but were caused by a great deal of force. A five year old child could not have caused them. Childs made no mention to the hospital about the existence or circumstances of the head, chest, or rib injuries. He said that Roman had had a cold for three to four days and was on medication for that.

Roman was declared dead on May 30, 1988, four days after he was brought into the hospital. The cause of death was the head injury.

The Bexar County Medical Examiner, Dr. Robert Charles Bux, performed an autopsy on Roman's body. He testified that the sutures, naturally found in the skull holding the skull bones together, were separated. The head injury Roman suffered could only be caused by a trauma of tremendous force—such as from a fall from several

2. The instant case was tried on February 25, 1991.

stories in height or being hit or thrown against a wall as hard as possible. He stated that a five year old child could not cause this injury. The injuries could not occur by falling off a counter and hitting the hardwood floor. The autopsy revealed no evidence of an aneurysm.

The kind of blow needed for this injury would cause a loss of consciousness and altered breathing, with the breathing completely stopping, within a few seconds or a few minutes of the blow. A cold or congestion would not cause the breathing to stop.

The State established that only a blow of tremendous force could have caused Roman's head injury and that the blow had to have been delivered within minutes of when Roman stopped breathing. Childs was the only person present who could have delivered this blow. The injury could not have been caused by Kolee, a five year old child and the only other person present, by falling off a counter, or by an aneurysm. A review of the totality of the evidence leads us to conclude that there was sufficient evidence for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt.

■ Childs next contends that the admission in evidence of his former plea of guilty is reversible error. Childs originally pleaded guilty to murder and was convicted. However, this court overruled his conviction because the trial court failed to properly admonish him as to the range of punishment. At his new trial, Childs pleaded not guilty and proceeded to a jury trial for a determination of guilt. The State introduced evidence, over Childs' timely objection, that he pleaded guilty at the first trial.

When a criminal conviction is reversed by the appellate court, the case stands as though the trial court granted a new trial. TEX.CODE CRIM.PROC.ANN. art. 44.29 (Vernon Supp.1992). The effect of the granting of a new trial is to restore the case to its status before the former trial, TEX.R.APP.P. 32, even as far back as the arraignment.

The prior conviction creates no presumption of guilt, and shall not be alluded to in argument or in the presence of the jury. TEX.CODE CRIM.PROC.ANN. art. 44.29 (Vernon Supp.1992). The statute speaks only of the prior conviction. It is silent as to whether the guilty plea may be raised. Old case law held that it was permissible for the State to introduce a defendant's prior guilty plea at the retrial of the same case. *Rodriguez v. State*, 130 Tex.Crim. 438, 94 S.W.2d 476, 478 (1936). The plea was found to be an admission made voluntarily and in open court.

However, in 1985, the Court of Criminal Appeals adopted the Texas Rules of Criminal Evidence. Rule 410 changed the effect of *Rodriguez* so that now a guilty plea that has been withdrawn is not admissible in evidence. TEX.R.CRIM.EVID. 410; *see* 33 STEVEN GOODE ET AL., GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 410.2 (Texas Practice 1988); HULEN D. WENDORF ET AL., TEXAS RULES OF EVIDENCE MANUAL IV–116 (3d ed. 1991). Our rule 410 comports with the United States Supreme Court's holding in *Kercheval v. United States*, 274 U.S. 220, 225, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927).

The granting of a new trial places the defendant at the arraignment stage at which time he has the opportunity to offer a new plea. *See* TEX.CODE CRIM.PROC.ANN. art. 26.02 (Vernon 1989). By entering a subsequent plea of not guilty, the prior plea of guilty is effectively withdrawn. Were it not deemed withdrawn, the value of the defendant's right to withdraw the prior guilty plea would be abrogated by bringing it before the jury. *Kercheval v. United States*, 274 U.S. at 224, 47 S.Ct. at 583. Therefore, under the dictates of rule 410, the prior guilty plea, that had been withdrawn by defendant's subsequent not guilty plea, cannot be used in evidence. Thus, the admission in evidence of his prior guilty plea was error. Because it was an admission of guilt by defendant, and once in the jurors' minds it was impossible to discount the admission, we are unable to determine beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. TEX.R.APP.P. 81(b)(2). We hold, therefore, that it is re-

versible error for the trial court to allow the introduction of evidence of a prior plea of guilty by a defendant at his new trial on the same charge when he has timely changed his plea to one of not guilty.

The State, in a letter reply brief to this court, urges us to consider *Wallace v. State*, 707 S.W.2d 928 (Tex.App.—Texarkana 1986), *aff'd*, 782 S.W.2d 854 (Tex. Crim.App.1989), as being dispositive of this issue. *Wallace* involved the admission of Wallace's judicial confession pursuant to his plea of guilty in a plea bargain agreement. The Texarkana court stated that "[t]he plea of guilty is separate and distinct from the judicial confession used to support the plea." *Wallace v. State*, 707 S.W.2d at 934. The court went on to note that there was "no indication that his testimony was required as part of the plea bargain." *Id.* The court held that the *testimony* could be used against Wallace because he waived the privilege against self-incrimination by testifying. That court concluded by stating that "[a]n admission of guilt by the defendant during a plea of guilty in a former trial may be used," relying on *Rodriguez v. State*, 130 Tex.Crim. 438, 94 S.W.2d 476 (1936). *Wallace v. State*, 707 S.W.2d at 934. This case was decided in February 1986, before the Rules of Criminal Evidence went into effect.[3] The Court of Criminal Appeals granted review and affirmed the appellate court on grounds other than this issue and made no reference to this issue in their opinion. The advent of the rules of criminal evidence has, as we stated earlier, abrogated the ruling in *Rodriguez*.

The judgment of conviction is reversed and the cause is remanded for a new trial.

---

3. The Texas Rules of Criminal Evidence became effective September 1, 1986.