PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARK J. HUNT,

         Appellant,

v.

FRANCHESKA LAMB, also known
as Francheska Hunt,

         Appellee.

No. 04-3366

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 04-CV-4047-JAR)**

---

Submitted on the briefs:

Mark Joel Hunt, pro se, Appellant.

Linda R. Mitchell, Silver Lake, Kansas, for Appellee.

---

Before **EBEL, HARTZ** , and **McCONNELL** , Circuit Judges.

---

**McCONNELL** , Circuit Judge.

---

This is a pro se appeal from a district court order in a removed action that dismissed appellant's complaint under the *Rooker-Feldman* and *Younger* doctrines. Because this case was improvidently removed from state court, the federal district court's only option was to remand. Therefore, we vacate the dismissal order, remand to the district court, and instruct the district court to remand the case to state court. [*]

## BACKGROUND

Appellant Mark Hunt and appellee Francheska Lamb were divorced in 1995 and given joint legal custody of their two minor children. Residential custody was initially given to Lamb, but later changed to Hunt. In early 2004, Lamb persuaded the state court to restore her residential custody based on domestic violence in Hunt's home and the possibility that Hunt "would be prosecuted for a high level felony sexual offense." Aplee. App. at 21-22. The court's custody decision bore the same case number as the parties' divorce action and was captioned, "In the Matter of the Marriage of Francheska Lamb (a.k.a. Hunt) v. Mark J. Hunt." Hunt unsuccessfully sought reconsideration and disqualification of the presiding judge.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On May 7, 2004, Hunt filed in the United States District Court a notice of removal under the same caption employed in the state court. The notice provided that "a Federal Court need[s] to impede within this case to preserve justice, as well as, the Federal laws." R., Tab 1 at 2. On June 1, 2004, Hunt filed a "Motion for Leave of Court," asking the district court to review a "Complaint" he had drafted, which he styled as a "civil rights action . . . for the abuse of power and illegal actions by" Lamb and the state court, but which contained no request for relief. R., Tab 5 at 3. Both the motion and the "Complaint" bore the domestic relations caption and were filed under the notice of removal's case number.

On August 16, 2004, a federal magistrate judge construed the notice of removal as a collateral attack on the state court proceedings and directed Hunt to file a complaint that specified the relief he was seeking. Hunt did so on September 7, 2004, filing an "Amended Complaint" that sought an injunction restoring his residential custody and barring Lamb and her husband "from any future direct or indirect disturbances . . . into [Hunt's] life." R., Tab 8 at 6. Hunt also sought to recover lost wages and child support payments. The "Amended Complaint" bore the domestic relations caption and the notice of removal's case number.

On September 24, 2004, the federal district court sua sponte dismissed Hunt's "Amended Complaint" on two grounds. First, the court briefly noted that

it lacked subject matter jurisdiction under *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), to review a state court's decision. The court then explained in more detail that it was required to abstain under *Younger v. Harris*, 401 U.S. 37 (1971), from issuing any injunctive relief. Hunt appealed.

## DISCUSSION

Under 28 U.S.C. § 1441(a), a defendant in a state court civil action may remove the action to federal court if the federal court has original jurisdiction over the action. In other words, removal is reserved for those cases "that originally could have been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "This jurisdictional prerequisite to removal is an absolute, non-waivable requirement." *Brown v. Francis*, 75 F.3d 860, 864 (3d Cir. 1996).

Here, the underlying state court civil action involved child custody. Because Lamb could not have initiated this action in federal court, Hunt could not remove it to federal court. It is well-established that federal courts lack jurisdiction over "'[t]he whole subject of the domestic relations of husband and wife, [and] parent and child.'" *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890) (first alteration in original)); *see also* 28 U.S.C. § 1331 (giving district courts original jurisdiction

-4-

over "civil actions arising under the Constitution, laws, or treaties of the United States"). As the district court lacked jurisdiction over Hunt and Lamb's child custody dispute, it was required by 28 U.S.C. § 1447(c) to remand the action to state court. The district court could not avoid the statutory mandate simply by directing Hunt to file a complaint and then dismissing it. *See Brown*, 75 F.3d at 866 (stating that a court may not "exercise authority over a case for which it does not have subject matter jurisdiction"); *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557-58 (10th Cir. 2000) (stating that "§ 1447(c) gives no discretion to dismiss rather than remand an action removed from state court over which the court lacks subject-matter jurisdiction") (quotation marks omitted).

To the extent that Hunt sought removal to vindicate his civil and constitutional rights, remand was still required. Generally speaking, "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). An exception to this rule is 28 U.S.C. § 1443, which allows removal to address the violation of a right to racial equality that is unenforceable in state court, *see Georgia v. Rachel*, 384 U.S. 780, 792 (1966). But nothing in Hunt's notice of removal suggests that § 1443 applies here.

## CONCLUSION

Because the district court lacked subject matter jurisdiction over the underlying state court child custody proceedings, it erred in not remanding the case to state court. [1] Accordingly, we vacate the district court's dismissal order, remand the case to the district court, and instruct the district court to remand the case to state court.

We deny Hunt's motions for injunctive relief, to supplement the record, and to add a third-party defendant. [2]

---

[1] Because the district court lacked jurisdiction, its order directing Hunt to file a complaint was a nullity. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380-81 (9th Cir. 1988). It necessarily follows that Hunt's complaint was also a nullity.

[2] We also deny Hunt's requests for "recusal" of a state court judge and a "change of venue . . . outside of Shawnee County when this Matter is returned to the State level," Aplt. Reply Br. at 6.

-6-