FILED
United States Court of Appeals
Tenth Circuit

August 29, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MASON L. RAMSEY;
JUDITH MAE NEVILLE,

        Plaintiffs-Appellants,

v.

CITIBANK, N.A.; CITIMORTGAGE,
INC., and Does 1-50,

        Defendants-Appellees.

No. 11-1578
(D.C. No. 1:10-CV-02653-WYD-CBS)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **O'BRIEN**, Circuit Judges.

Plaintiffs Mason L. Ramsey and Judith Mae Neville appeal the dismissal of

their wrongful foreclosure and eviction action. Plaintiffs' first amended pro se

complaint charged Citibank, N.A. and CitiMortgage, Inc. with due process violations

under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,

403 U.S. 388 (1971), and 42 U.S.C. § 1983, and also raised a state-law claim for

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

negligent or intentional infliction of emotional distress.[1]  In a contemporaneous state action, plaintiffs brought claims against defendants for breach of contract, fraud, and tortious interference, as well as a § 1983 claim.  The state claims, like those pleaded in the federal suit, apparently stem from alleged wrongdoings in the foreclosure of plaintiffs' home and their eviction from it.  On July 13, 2011, the state court dismissed the state action for failure to state a claim, and on September 28, 2011, the district court adopted the recommendation of a magistrate judge to dismiss the federal suit on the same grounds.  Plaintiffs did not appeal the state court's judgment.

Now defendants contend that this appeal is barred by the preclusive effect of the unappealed state court judgment.  We decline to consider this argument, however, because defendants failed to raise it in the district court.  *See Pittsburg Cnty. Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 708 n.4 (10th Cir. 2004) (noting that claim preclusion is "subject to waiver where not timely raised"); *Thompson v. United States*, 223 F.3d 1206, 1211-12 (10th Cir. 2000) (holding that failure to raise issue in district court waives appellate review).[2]  Nevertheless, we

---

[1]     We construe plaintiffs' pro se materials liberally.  *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2]     Defendants move to supplement the record with dispositive documents from the parallel state action, *Neville v. CitiMortgage, Inc., et al.*, No. 10CV2671 (Arapahoe Cnty. Colo.).  "[W]e may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."  *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).  Because these documents have no impact on our disposition, we deny defendants' motion.

agree with defendants that this action was subject to dismissal for failure to state a claim.

"We review a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).

The district court correctly dismissed the first cause of action because despite plaintiffs' arguments to the contrary, a *Bivens* theory will not lie against corporate entities like Citibank and CitiMortgage. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70-71 (2001). Plaintiff's second cause of action likewise failed because their § 1983 claim, which was predicated on defendants' "malicious abuse of process" of Colorado's unlawful detainer statute, R. at 965, did not allege state action to support their claim. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939-40 (1982) (holding that private action pursuant to state statute could not be characterized as state action for purposes of § 1983). And finally, although plaintiffs raised a third cause of action for negligent or intentional infliction of emotional distress, they waived any challenge to its dismissal by failing to advance any argument in their opening brief. *See United States v. Redcorn,* 528 F.3d 727, 737-38 n.4 (10th Cir. 2008).

Accordingly, the judgment of the district court is AFFIRMED for substantially the same reasons stated in the magistrate judge's report and recommendation dated

July 28, 2011, which was adopted by the district court on September 28, 2011.

Defendants' motion to supplement the record is DENIED, as is plaintiffs' motion to

take judicial notice of a consent order issued by the Comptroller of the Currency. *See*

*Ahidley*, 486 F.3d at 1192 n.5.

Entered for the Court


Stephen H. Anderson
Circuit Judge
