**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 28, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellant,

v.

DAVID BRIAN MAGNAN,

    Defendant - Appellee.

No. 14-7027
(D.C. No. 6:13-CR-00069-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

David Magnan pled guilty in Oklahoma state court in Oklahoma state court to three counts of first degree murder and one count of shooting with intent to kill. After he was sentenced to death, this court granted him habeas relief, ruling that the property upon which the crimes were committed qualified as Indian country and the state court lacked jurisdiction. Magnan was then charged in federal court and moved to exclude the admissions of guilt he made during the state-court plea colloquy under Federal Rule of Evidence 410(a), which precludes admission of statements made in support of "a guilty plea that was later withdrawn." Id. The district court held that our jurisdictional ruling effectively withdrew Magnan's guilty plea and granted the motion.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The government has filed an interlocutory appeal of that ruling. It contends that an order vacating a judgment of conviction does not set aside an underlying guilty plea. But a determination that a trial court lacked jurisdiction does more than vacate a judgment; it voids each and every action taken by the court. We accept the government's concession that a direct judicial invalidation of a plea qualifies as a withdrawal, and conclude that our jurisdictional ruling invalidated Magnan's plea. Exercising jurisdiction under 18 U.S.C. § 3731, we affirm.

**I**

Magnan, an enrolled member of the Fort Peck Assiniboine and Sioux Tribes, was charged in Oklahoma state court with one count of conspiracy to commit murder in the first degree, one count of shooting with intent to kill, and three counts of murder in the first degree. After receiving the results of a psychological competency evaluation, the state court found that Magnan was competent. Without the benefit of a plea agreement, Magnan pled guilty to all but the conspiracy count, which was dismissed. Before accepting the plea, the state trial court engaged in a colloquy with Magnan, ensuring that he understood the charges against him, the potential sentence, and his trial rights. Defense counsel stated that Magnan was entering his plea against the advice of his attorneys, but was doing so knowingly, intelligently, and voluntarily.

Magnan provided a factual basis for his plea, admitting in some detail that he attempted to kill one victim and murdered three others. He stipulated to several aggravating factors, stated that he did not wish to present mitigation evidence, and asked to be sentenced to death. The trial court imposed the death penalty for each of the three

murder counts, and life imprisonment for shooting with intent to kill.  Magnan filed a direct appeal with the Oklahoma Court of Criminal Appeals ("OCCA"), which concluded that he waived all but two non-waivable issues.  The OCCA remanded the case to the trial court for an evidentiary hearing on whether the crimes occurred in Indian country and thus fell outside the state court's jurisdiction.

In a prior federal proceeding in 1998, the property on which Magnan committed the crimes at issue was held to be not Indian country.  That ruling was based on a determination that Indian land restrictions on the property had been extinguished in 1970 when surface rights were conveyed to the Seminole Nation Housing Authority.  The state trial court found that the property did not qualify as Indian country, and the OCCA affirmed.

Magnan then filed a habeas petition in federal court, arguing that his crimes of conviction occurred in Indian country.  The district court denied habeas relief, but this court reversed.  Magnan v. Trammell, 719 F.3d 1159, 1161 (10th Cir. 2013).  We concluded that because the 1970 conveyance of the property had not been approved by the Secretary of the Interior, that conveyance was invalid and the parcel remained Indian country at the time of Magnan's crimes.  Id. at 1176.  The Oklahoma state courts accordingly lacked jurisdiction.  Id.  We remanded the case to the district court with instructions to grant habeas relief.  Id. at 1176-77.  The district court granted the petition and directed that Magnan be released from custody.

Magnan was then charged in the U.S. District Court for the Eastern District of Oklahoma with three counts of murder in Indian country in violation of 18 U.S.C.

-3-

§§ 1111, 1151, and 1153.  He filed a motion in limine seeking to exclude his state-court guilty plea and related statements under Federal Rule of Evidence 410.  The district court granted the motion.  Although it acknowledged that "strictly speaking, the defendant's plea was not withdrawn" and thus "strictly speaking, Rule 410 does not apply," the court treated our decision vacating Magnan's conviction as a "constructive withdrawal" and applied "Rule 410 by analogy."  The government filed a timely interlocutory appeal from that decision.

## II

We ordinarily review a district court ruling on a motion in limine for abuse of discretion.  See Seeley v. Chase, 443 F.3d 1290, 1293 (10th Cir. 2006).  However, the proper interpretation of a federal rule of evidence is a question of law reviewed de novo.  United States v. Orr, 692 F.3d 1079, 1088 (10th Cir. 2012).  We are nevertheless "reluctant to overturn evidentiary rulings of the trial court."  Messina v. Kroblin Transp. Sys., Inc., 903 F.2d 1306, 1310 (10th Cir. 1990).

Rule 410(a) provides:

In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions:
(1) a guilty plea that was later withdrawn;
(2) a nolo contendere plea;
(3) a statement made during a proceeding on either of those pleas under Federal Rule of Criminal Procedure 11 or a comparable state procedure; or
(4) a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea.

Id.

The government does not seek to introduce the facts that Magnan was charged, pled guilty, and was convicted in state court. This appeal concerns only the admissibility under Rule 410(a)(3) of Magnan's factual admissions during his plea colloquy. And the government does not dispute that the state-court plea colloquy qualified as a procedure comparable to that under Federal Rule of Criminal Procedure 11. Accordingly, the sole question is whether Magnan's statements were made during a proceeding on a "guilty plea that was later withdrawn." Fed. R. Evid. 410(a)(1). The district court concluded that our jurisdictional decision effectively withdrew Magnan's plea. We agree.

It is well settled that "[t]he judgment of conviction pronounced by a court without jurisdiction is void." Johnson v. Zerbst, 304 U.S. 458, 468 (1938); see also United States v. Bigford, 365 F.3d 859, 865 (10th Cir. 2004). The government contends that although the judgment resulting from Magnan's guilty plea was vacated, we did not withdraw or otherwise set aside the plea itself. It notes that as a general matter, our court's practice is to remand to allow the defendant an opportunity to withdraw when we determine a plea is invalid. See, e.g., United States v. Avila, 733 F.3d 1258, 1260 (10th Cir. 2013) (because guilty plea "was not knowing and voluntary . . . , we vacate Mr. Avila's conviction and remand the case with directions for the district court to vacate its sentence and allow Mr. Avila to withdraw his guilty plea"); United States v. Benard, 680 F.3d 1206, 1215 (10th Cir. 2012) ("Defendant's convictions and sentence are REVERSED and REMANDED. On remand, Defendant should decide whether he wishes to withdraw his plea under Rule 11(a)(2)."). If the plea were rendered a nullity simply by vacating the conviction, the

government argues, we would not allow defendants the choice to withdraw on remand or maintain the plea.

The problem with this argument is that it ignores the full effect of our holding that the state court lacked jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869). Accordingly, when a court "assume[s] a jurisdiction which in fact it could not take, . . . all the proceedings in that court must go for naught." Riverdale Cotton Mills v. Ala. & Ga. Mfg. Co., 198 U.S. 188, 195 (1905); see also Cunningham v. BHP Petroleum Gr. Brit. PLC, 427 F.3d 1238, 1244 (10th Cir. 2005) (holding that "[a] court may not exercise authority over a case" for which it lacks jurisdiction (quotation and alteration omitted)). Unlike an order vacating a judgment, a decision holding that a court lacked jurisdiction voids each and every action taken in the case. Perhaps the closest analog in our jurisprudence to the present question arose in Hunt v. Lamb, 427 F.3d 725 (10th Cir. 2005). There, we concluded that a district court lacked jurisdiction over a removed action. Id. at 727. We explained that "[b]ecause the district court lacked jurisdiction, its order directing [plaintiff] to file a complaint was a nullity. It necessarily follows that [plaintiff's] complaint was also a nullity." Id. at 727 n.1. By the same token, because the state court lacked jurisdiction to order Magnan to enter a plea, it follows that the plea itself is a nullity.

In some cases, rather than remanding to allow a defendant a chance to withdraw his plea, we have simply reversed a conviction and remanded. See, e.g., United States v. Romero, 360 F.3d 1248, 1254 (10th Cir. 2004) ("[I]n the unusual circumstances of this case, the district court should have permitted Mr. Romero to withdraw his plea . . . .

-6-

Accordingly, we REVERSE and REMAND. The district court is instructed to vacate its

judgment . . . .”). The district court cited to a treatise suggesting that under such

circumstances, Rule 410(a) should apply:

> [T]he policy that supports exclusion of withdrawn guilty pleas would seem
> to be equally applicable when the guilty plea is set aside by an appellate
> court, i.e., the decision to set aside the plea would be almost a meaningless
> gesture if the plea could be used against the defendant as an admission in
> the ensuing trial. . . . [T]he language [of Rule 410] need only be stretched a
> few inches more to encompass pleas that are invalidated on appeal; the
> policy of the rule will probably lead most courts to so hold.

Charles Alan Wright & Kenneth W. Graham Jr., 23 Federal Practice & Procedure § 5343,

at 360-61 (footnotes omitted).

One of the few cases considering that scenario is Childs v. State, 837 S.W.2d 822

(Tex. App. 1992). There, the defendant pled guilty but his conviction was reversed

because the trial court “failed to properly admonish him as to the range of punishment.”

Id. at 824. At his second trial, defendant pled not guilty but apparently did not formally

withdraw his prior plea. Id. Applying a state rule identical to Rule 410(a), the appellate

court concluded that introduction of the prior plea was impermissible. Id. The entry of a

plea of not guilty at the second trial, the court concluded, effectively withdrew the prior

plea entered in the same tribunal. Id. Magnan also cites Standen v. State, 710 P.2d 718

(Nev. 1985), which concluded that “[a] prior guilty plea that has been legally withdrawn

or judicially invalidated is deemed never to have existed and should not be used as

evidence.” Id. at 720.

The government concedes that if an appellate court directly invalidates a plea,

rather than allowing the defendant an opportunity to withdraw, Rule 410(a) would

govern. Because we conclude that an order vacating a conviction for lack of jurisdiction invalidates the underlying plea, we do not discern a meaningful difference between our habeas ruling and the circumstances considered in <u>Childs</u>, <u>Standen</u>, or the treatise.

Relatedly, the government argues that the legislative history of Rule 410 supports its position. The Rule was adopted in 1975 following debate on several different versions of both Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(e)(6) (which at the time were identical). <u>See</u> <u>United States v. Lawson</u>, 683 F.2d 688, 692-93 (2d Cir. 1982) (discussing legislative history). One of the proffered versions would have made pleas and related discussions inadmissible "if a judgment on a plea of guilty or <u>nolo contendere</u> is reversed on direct or collateral review." <u>See</u> Wright & Graham, 23 <u>Federal Practice & Procedure</u> § 5343, at 360 n.22 (quoting Hearing on Proposed Amendments to Fed. Rules of Criminal Procedure Before the Subcomm. on Criminal Justice of the H. Judiciary Comm. 75-76 (1974)). Because Congress rejected that proposal, the government argues it would be inappropriate to apply Rule 410(a) whenever a conviction is reversed. This argument again fails to account for the difference between a ruling that the trial court lacked jurisdiction and other orders reversing a conviction. We do not hold that Rule 410(a) applies whenever a conviction is vacated. We merely conclude that if a trial court is held to have lacked jurisdiction, a plea entered before it is invalidated. Under these circumstances, the plea must be treated as "withdrawn."[1]

---

[1] The parties debate in the briefing whether the state court might have possessed the power to question Magnan for violating a federal statute. We have no occasion to consider this question, which was not raised below. <u>See</u> <u>Harman v. Pollock</u>, 446 F.3d 1069, 1089 (10th Cir. 2006) (we generally will not consider issues "not raised before or

## III

For the foregoing reasons, the district court's exclusion of Magnan's statements made during his state-court plea colloquy is **AFFIRMED**. We **REMAND** for further proceedings consistent with this order and judgment.[2]

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

ruled upon by the trial court"). Magnan moved to exclude the evidence at issue under Rule 410; he did not argue that the questioning violated the Fourth Amendment.

[2] The government moves this court to take judicial notice of docket entries and transcripts from Magnan's state-court proceedings that were not part of the record below. "[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979).
Magnan opposes the motion, arguing that the government has not established a "direct relation" between the proffered materials and the issue in this appeal. In its reply, the government states that it was unable to determine whether the documents will bear on the disposition of this appeal because (at that time) the briefs had not yet been filed. It appears the government's motion was an attempt to cut off any suggestion that Magnan was not permitted an opportunity to seek to withdraw his plea in state court. Because Magnan has not advanced such an argument, the proffered materials are irrelevant and the motion is **DENIED**. See Ramsey v. Citibank, N.A., 475 F. App'x 711, n. 2 (10th Cir. 2012) (unpublished) ("Because these documents have no impact on our disposition, we deny defendants' motion [to take judicial notice of publicly filed records].").