NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2022[*]
Decided September 6, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-3353

| | |
|---|---|
| CHARLES E. SWEENEY, JR., | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Southern District of Indiana, New Albany Division. |
| *v.* | No. 4:20-cv-00170-SEB-DML |
| UNITED STATES OF AMERICA, | |
| *Respondent-Appellee*. | Sarah Evans Barker, *Judge.* |

## O R D E R

After having his federal conviction vacated, Charles Sweeney petitioned for a certificate of innocence. The district court denied the petition. Because Sweeney introduced no evidence to prove his actual innocence, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In 1992, Sweeney placed a pipe bomb underneath the car of a police officer who was investigating him for homicide. Federal prosecutors charged Sweeney with a multicount indictment, and he ultimately pleaded guilty to carrying a firearm in connection with a crime of violence. *See* 18 U.S.C. § 924(c). In his plea agreement, he also admitted to additional facts, including trafficking methamphetamine. He was sentenced to 210 months' imprisonment, served that federal prison term, and then began serving a 60-year state sentence for the homicide.

In 2019, Sweeney successfully moved to vacate his federal conviction under 28 U.S.C. § 2255 on the ground that the conviction was based on the statute's residual clause, *see* 18 U.S.C. § 924(c)(3)(B), which the Supreme Court had declared unconstitutionally vague. *See Sweeney v. United States*, No. 4:18-cv-00210-SEB-DML (S.D. Ind. Sept. 11, 2019) (citing *United States v. Davis*, 139 S. Ct. 2319 (2019)).

Sweeney then petitioned for a certificate of innocence. *See* 28 U.S.C. § 2513. The certificate would allow him to seek monetary damages against the government for wrongful imprisonment. *Abu-Shawish v. United States*, 898 F.3d 726, 731, 733 (7th Cir. 2018); *Betts v. United States*, 10 F.3d 1278, 1282 (7th Cir. 1993). To obtain this certificate, Sweeney needed to prove that (1) a court vacated his conviction because he was not guilty of that offense, § 2513(a)(1), and (2) "[h]e did not commit any of the acts charged *or* his acts … constituted no offense against the United States[] or any State … ." § 2513(a)(2) (emphasis added). Because his conviction was vacated, Sweeney argued that he committed no criminal offense and was entitled to a certificate. Besides proof of his vacated conviction, he did not submit any other evidence. He also argued that his plea agreement was inadmissible and should not be considered.

The district judge denied the petition. She noted the government's concession that Sweeney had met the requirement set forth in § 2513(a)(1) because his conviction had been vacated. But she also upheld the admissibility of the plea agreement, statements from which allowed her to find that Sweeney failed to satisfy either of the two requirements in § 2513(a)(2). Regarding the requirement that he did not commit any of the acts charged, the judge found that he offered no proof of his factual innocence and, in fact, had admitted to those acts in his plea agreement. As for the requirement that his acts not constitute an offense against the United States, the judge found that he had admitted in his plea agreement to drug trafficking.

On appeal, Sweeney challenges the judge's reliance on his plea agreement, which he argues is inadmissible because the plea was withdrawn. He analogizes his case to *United States v. Magnan*, in which the Tenth Circuit concluded that if a trial court is held

to have lacked jurisdiction, then a plea entered before that court is invalidated and must be treated as "withdrawn" under Rule 410(a)(1) of the Federal Rules of Evidence. 622 F. App'x 719, 720 (10th Cir. 2015).

But even if we assume (without deciding) that the basis for his conviction's vacatur was jurisdictional, thereby "withdrawing" his plea agreement, any error by the judge in relying on that plea would be harmless. *See* FED. R. CIV. P. 61. Sweeney's only evidence was that his conviction was vacated on collateral review. But the absence of a valid conviction does not make him innocent. *See Pulungan v. United States*, 722 F.3d 983, 985 (7th Cir. 2013) ("[A]cquittal differs from innocence."). Sweeney had the burden to provide proof of his innocence by a preponderance of the evidence. *Abu-Shawish*, 898 F.3d at 739. This is a "high bar." *Id.* at 733; *see also Savory v. Cannon*, 947 F.3d 409, 434 (7th Cir.) (en banc) (Easterbrook, J., dissenting) ("Getting a certificate of innocence is wickedly hard … because … [p]roof of innocence—the need to prove a negative—is difficult to come by."), *cert. denied*, 141 S. Ct. 251 (2020). Because Sweeney introduced no evidence that he did not place the bomb under the officer's car, he failed to clear this bar.

Sweeney next argues that he made the alternative showing that his conduct was not an offense against the United States. He contends that because *Davis* declared unconstitutional the crime of which he was convicted, his conduct cannot amount to a federal crime.

But Sweeney's focus is too narrow. The question is not whether Sweeney's acts constituted the particular crime of which he was convicted, but whether his actions violated any law. *Abu-Shawish*, 898 F.3d at 739; *cf. Betts*, 10 F.3d at 1284 (granting certificate because "this [is not] a case in which the petitioner's conduct constituted an offense other than the one for which he was tried and convicted"). And Sweeney's conduct constituted at least one other federal crime. By placing a pipe bomb on a vehicle, he attempted to use an explosive to damage or destroy personal property used in or affecting interstate commerce. *See* 18 U.S.C. § 844(i). Sweeney introduced no evidence that his conduct could not have violated this statute. *See Abu-Shawish*, 898 F.3d at 739.

We have considered Sweeney's other arguments, but none has merit.

AFFIRMED