**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

────────────

**No. 24-1480**

────────────

JULIO LACAYO,

> Plaintiff - Appellee,

v.

NATALIA DALTON,

> Defendant - Appellant.

────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:24-cv-00653-LMB-WBP)

────────────

Submitted:  December 5, 2024                    Decided:  December 9, 2024

────────────

Before GREGORY and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

────────────

Vacated and remanded by unpublished per curiam opinion.

────────────

Natalia Dalton, Appellant Pro Se.

────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Natalia Dalton appeals the district court's orders dismissing her notice of removal and denying her motion for reconsideration. This case stems from child support proceedings between Dalton and her child's father, Julio Lacayo, that were initiated in the Juvenile and Domestic Relations District Court for Fairfax County, Virginia, and that have been ongoing for nearly a decade. As relevant here, in June 2023, Dalton moved that court to modify her child support obligations. In March 2024, the court granted in part Dalton's motion and decreased Dalton's child support obligations. Lacayo immediately appealed that order to the Fairfax County Circuit Court. Thirty days later, Dalton filed a notice of removal in the Eastern District of Virginia seeking to remove Lacayo's state circuit court appeal to federal court. In her notice of removal, Dalton alleged several claims under the United States Constitution and attacked the legitimacy of Virginia's courts. The district court sua sponte dismissed the notice of removal for several reasons, including that federal subject matter jurisdiction was lacking.[1] And the district court later denied Dalton's reconsideration motion.

---

[1] The district court also appropriately recognized that "[f]amily relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979); *see J.B. v. Woodard*, 997 F.3d 714, 723 (7th Cir. 2021) ("The adjudication of [the plaintiff's] due process claims threaten interference with and disruption of local family law proceedings—a robust area of law traditionally reserved for state and local government—to such a degree as to all but compel the federal judiciary to stand down.").

Assuming without deciding that Dalton could remove a state court action in this posture,[2] we agree with the district court that it lacked federal subject matter jurisdiction.[3] *See Republican Nat'l Comm. v. N.C. State Bd. of Elections*, 120 F.4th 390, 398 (4th Cir. 2024) ("We review de novo questions of subject-matter jurisdiction, including removal."). Starting with diversity jurisdiction, Dalton and Lacayo are both residents of Virginia, so diversity of citizenship does not exist. *See* 28 U.S.C. § 1332(a) (establishing diversity jurisdiction); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (explaining diversity of citizenship requirement).

Turning to federal question jurisdiction, Dalton did not demonstrate that Lacayo's appeal—the action that she sought to remove—involved a federal question. *See* 28 U.S.C. § 1331 (establishing federal question jurisdiction); *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006) ("The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper."). Moreover, Dalton could not manufacture federal question jurisdiction by raising a federal question in response to Lacayo's appeal or by including federal claims in her notice of removal.[4] *See Merrell Dow*

---

[2] Federal law authorizes the filing of a notice of removal after the service or filing of "the initial pleading." 28 U.S.C. § 1446(b)(1). It is unclear that Lacayo's state court notice of appeal is an "initial pleading."

[3] Because the district court never remanded this case to state court, we have jurisdiction to review the district court's orders. *Cf.* 28 U.S.C. § 1447(d) (explaining that remand order is not reviewable on appeal absent limited exceptions).

[4] On appeal, Dalton maintains that her motion to modify her child support obligations presented unspecified federal questions and thus authorized removal. Even if Dalton's motion presented a federal question, she could not have removed her own motion (Continued)

*Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("Under our longstanding interpretation of the current statutory scheme, the question whether a claim arises under federal law must be determined by reference to the well-pleaded complaint. A defense that raises a federal question is inadequate to confer federal jurisdiction. Since a defendant may remove a case only if the claim could have been brought in federal court . . . the question for removal jurisdiction must also be determined by reference to the well-pleaded complaint." (citations and internal quotation marks omitted)); *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936) ("[T]he controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."); *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) ("Generally speaking, a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." (internal quotation marks omitted)).

At bottom, the district court correctly concluded that Dalton's removal attempt was improper given the absence of federal subject matter jurisdiction. We are constrained, however, to vacate the district court's orders because the court failed to remand this action to state court as required by statute. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 49 (4th Cir.

---

to federal court in the first place. *See* 28 U.S.C. § 1446(a) (providing that only defendant may remove state court action to federal court). Apparently recognizing as much, Dalton's notice of removal relied on Lacayo's appeal. But as explained above, Dalton did not establish that Lacayo's appeal involved a federal question.

1996) (explaining that § 1447(c) requires district court to remand to state court rather than dismiss action when federal subject matter jurisdiction is lacking).

We therefore vacate the district court's orders and remand with instructions for the district court to remand this action to state court. *See Hunt*, 427 F.3d at 727. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*