

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0578-18

**ROBVIA LENEICE SIMPSON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE TWELFTH COURT OF APPEALS ANDERSON COUNTY

**SLAUGHTER, J., filed a concurring opinion.**

### CONCURRING OPINION

I agree with the Court that a defendant's plea of "true" to the State's allegations in a revocation proceeding does not preclude her from raising any defense she wishes to raise in a subsequent criminal proceeding. I write separately, however, to clarify that I believe a defendant's plea of "true" in a revocation proceeding is a judicial admission of guilt that can be used as evidence against the defendant in a subsequent criminal proceeding.[1]

---

[1]     The documents showing Appellant entered a plea of "true" at her prior revocation proceeding were admitted against her in the instant criminal prosecution for assault, and Appellant does not argue that it was error for the trial court to admit this evidence. I address this issue merely to clarify my position.

The Court's opinion focuses on a revocation hearing's preponderance of the evidence standard of proof to explain why collateral estoppel should not apply for subsequent criminal proceedings. But a plea of "true" in a revocation proceeding is not merely the defendant's acknowledgment that the State can prove the allegation by a preponderance of the evidence; it is the defendant's admission in open court on the record that the allegation is, in fact, true and correct. It is no different than when a defendant's civil deposition is offered and admitted against her in a subsequent criminal trial. *See Johnson v. State*, 208 S.W.3d 478, 507 (Tex. App.—Austin 2006, pet. ref'd) (concluding trial court did not err in admitting defendant's civil deposition when offered against her in subsequent criminal trial); *Kemmerer v. State*, 113 S.W.3d 513, 517-18 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (same).

While a defendant cannot be compelled in any criminal case to be a witness against herself, that constitutional protection can be waived if such waiver is made "knowingly, voluntarily, and intelligently" for any reason, including trial strategy. *Brown v. State*, 617 S.W.2d 234, 236 (Tex. Crim. App. 1981); *see also Taylor v. State*, 474 S.W.2d 207, 211 (Tex. Crim. App. 1971) (stating "constitutional rights may be waived by conscious decisions of trial strategy"). Here, Appellant's plea of true was made in open court and consented to in writing and by Appellant's signature. The record in this case does not include a transcript from Appellant's revocation hearing during which the trial judge accepted her plea of "true" to the assault at issue along with several other criminal offenses and probation violations alleged by the State in its motion to adjudicate. However, Appellant's signature on the document containing her plea of "true" indicates that she received notice of the waivers and stipulations she was agreeing to by entering her plea. Specifically, Appellant was made aware that her plea of "true" would be considered a judicial confession when

she received notice of the "Stipulation of Evidence and Judicial Confession" that was included in the documents she signed.[2] Thus, no matter the burden of proof in the revocation proceeding, Appellant knowingly, voluntarily, and intelligently made a judicial confession that can be used against her in subsequent proceedings. And while I agree with the Court that such confession does not preclude her from raising any defenses in subsequent criminal proceedings, it may certainly be used as evidence in proving Appellant's guilt.

With these comments, I concur in the Court's judgment.

Filed: January 15, 2020
Publish

---

[2] The stipulation read: "Defendant consents in writing and in open Court, waives the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of evidence in support of the judgment of the Court. Defendant waives the right to remain silent in both the guilt and innocence phases of trial. Defendant judicially confesses to the offense(s) alleged in the indictment or complaint and information and admits that he/she committed each and every element alleged in the complaint and information and that he was guilty as charged. The defendant pleads true to enhancement allegations and special issues."